GEORGE COREY *vs.* KAUFMAN & CHERNICK, INC.

PAUL COREY, *p.a. vs.* SAME.

FEBRUARY 24, 1944.

PRESENT: Flynn, C. J., Moss, Baker and Condon, JJ.

Moss, J. These are two actions on the case brought respectively by a father and his minor son to recover the damages suffered by them by reason of physical injuries alleged to have resulted from negligent conduct by an employee of the defendant corporation in the course of his employment. The cases were tried together before a jury on the issue raised in each case by a plea of not guilty. At the conclusion of the evidence for the plaintiffs, the defendant rested and a verdict for it was directed in each case upon its motion therefor. The cases are now before us upon bills of exceptions by the plaintiffs based only on the direction of the verdicts.

The charge of negligence on the part of the defendant's employee is that in the course and within the scope of his employment he sold to one Angus Kennedy a .22 calibre target rifle and ammunition "with full knowledge that the

same was to be delivered to John Kennedy, a minor, aged fifteen (15) years." It is further alleged that this employee knew or should have known that the rifle was a dangerous instrumentality and might find its way into the hands of other youths of tender years without experience in the use of firearms; and that as a direct, natural and proximate result of the sale the rifle came into the hands of a boy twelve years old, inexperienced in the use of firearms, who negligently fired it so that the bullet from it struck and injured the minor plaintiff.

At a jury trial of the two cases in the superior court the allegations of facts in the declarations were substantially supported by evidence, except that the purchaser's son was shown to have been sixteen years old at the time of the sale and except that there was no evidence of the sale of ammunition.

The only questions for us to decide, upon the undisputed facts, are, first, whether the sale and delivery of the rifle, with knowledge that it was to be given to the purchaser's son, would support a finding that the seller was negligent; and, second, whether, if he was negligent, the evidence would support a finding that his negligence was the proximate cause of the injuries to the minor plaintiff.

The plaintiffs' attorney, in his brief and argument before us, relied greatly on the opinion of this court in *Bernard* v. *Smith*, 36 R. I. 377, in which were sustained two verdicts, for a woman and for her husband, awarding damages suffered by them respectively. Such damages were the result of the sale by the defendant's employee, in the course of his employment, of a .22 calibre rifle and cartridges therefor to a boy who was only eleven years old and wholly inexperienced in the use of firearms, and whose negligence in the discharge of that rifle caused injuries to the woman plaintiff.

This court, in the opinion, called attention to the facts that the purchase of the rifle was without the consent or the knowledge of the parents of the boy who made such

purchase. The declaration in each case was in two counts. The negligence charged in the first count was the violation of the duty imposed by a certain statute which prohibited the sale of a firearm to a minor under the age of fifteen years without the written consent of the parent or guardian. The negligence charged in the second count was that the common-law duty to use reasonable care was violated by the defendant's servant by selling such rifle and ammunition to a child of the age of eleven years and without experience in the use of firearms, as such servant knew or should have known.

At page 381 this court said: "The question to be determined is, was it negligence for the defendant to sell to a boy of the age and inexperience of the Boucher boy a rifle and cartridges, and consequently was the shooting of Mrs. Bernard a natural and probable result which should have been, under the circumstances, understood and appreciated by the defendant?" The distinctions between those cases and the instant ones are vital and obvious. In the former the sale was made directly to the child, to whom the rifle and ammunition were delivered; the child was only eleven years old; and it was not shown that any effort was made by the defendant's employee to find out whether the child had any experience in the use of such firearms.

In the instant cases, on the contrary, the sale was made to the father of the boy, to be used by the latter, to be sure, but only when and under such circumstances and with such instructions as would be deemed proper by the father, with whom the salesman was very well acquainted and who would naturally be expected to see that all reasonable precautions would be taken to prevent injury to the son or anyone else from the use of the rifle.

The statute of this state and the statutes of other states, as to the sale of firearms and ammunition, are not directly involved in these cases. But they throw some light on the question of what restrictions should, in the interests of public safety, be imposed upon the sale of firearms to be used

by minors. General laws 1938, chapter 406, §8, reads as follows: "No person shall sell to any child under the age of 15 years, without the written consent of a parent or guardian of such child, any cartridge or fixed ammunition of which any fulminate is a component part, or any gun, pistol or other mechanical contrivance arranged for the explosion of such cartridge or of any fulminate. Nothing in this section shall authorize the sale of any blank cartridge except as provided in §11."

It should be noticed that the sale of the rifle involved in the instant cases could not have been in violation of that statute, even if it had been made directly to the boy for whose use the rifle was bought, because he was not under the age of fifteen years; and that, if he had been under that age, the sale would not have been in violation of the statute, if his father had given his written consent.

The attorney for the plaintiffs in the instant cases has cited a considerable number of cases in which statutes, closely similar to that of this state, regulating the sale of firearms or ammunition to minors were involved and has quoted from some of the opinions therein. In none of those statutes, so far as we have been able to ascertain, was such a sale forbidden, if the minor was over the age of fifteen years or if the written consent of his parent or guardian was given. Those statutes are not directly relevant to the decisive questions here involved but strongly indicate that in the judgment of the legislators who enacted them the sale of a firearm or ammunition to a minor should not be forbidden, if the minor is over the age of fifteen years or if his parent or guardian is clearly shown to have consented.

The plaintiffs' attorney, in his brief filed in this court, states that Angus Kennedy testified that when he bought the rifle from Samuel Clark, the defendant's manager, "he told Mr. Clark that he was buying it for his son, Stanton, who had never owned a rifle before or had any experience in the use of firearms." From this quotation one might infer that the witness made a statement to the salesman

that Stanton had never had any experience in the use of firearms.

But an examination of the transcript does not show that any such statement was ever made to the salesman or that the latter had any knowledge or notice as to the boy's experience with firearms. Nor does it show that the salesman had any notice or reason to believe that the father had no such experience or would not use all reasonable precautions to prevent injury to anybody from the use of the rifle. And the transcript does show that the sale was made to the father only.

In all the common-law cases cited by the plaintiffs' attorney there was a direct and proximate relationship between the defendant, personally or through an agent, and a minor whom the defendant or agent knew, or in the exercise of reasonable care would have known, to be too young and inexperienced in the use of firearms to be safely put in possession and control of a firearm, but to whom the defendant sold and delivered, or gave permission to use, such firearm.

The plaintiffs' attorney has cited no case and we have found none in which the vital questions involved were even substantially the same as those in the instant cases and in which the seller was held liable to the person injured. In our judgment, arrived at after consideration of the evidence and of the arguments and authorities presented by the parties, the evidence here was not such that the jury could reasonably have found therefrom that the defendant's employee was negligent in making the sale of the rifle to Angus Kennedy and that the injury to the plaintiff Paul Corey was the natural and probable consequence of such sale. We therefore are of the opinion that in each case the exception of the plaintiff to the direction of a verdict for the defendant should be overruled.

The plaintiff's exception in each case is overruled, and

each case is remitted to the superior court for the entry of judgment on the verdict.

*Higgins & Silverstein, John R. Higgins,* for plaintiffs.

*Henry M. Boss,* for defendant.