Jose Filiberto GARCIA, Appellant,

v.

The CITY OF KINGSVILLE, R.M. Botard, Nerio Garza, and Mary Clair Hill, Appellees.

No. 1895cv.

Court of Appeals of Texas, Corpus Christi.

Aug. 26, 1982.

Rehearing Denied Sept. 16, 1982.

Phil Hardberger, James E. Conley, III, Hardberger & Herrera, Inc., San Antonio, for appellant.

Martin Chiuminatto, City Atty., Nelson R. Sharpe, Glusing, Sharpe, Villarreal & Williams, Kingsville, for appellees.

Before BISSETT, UTTER and KENNE-DY, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a summary judgment. The appellant is Jose Filiberto Garcia, and the appellees are the City of Kingsville; its mayor, R.M. Botard; and two of its commissioners, Nerio Garza and Mary Clair Hill. The appellant filed this action alleging, among other things, that his dismissal as Kingsville's City Manager was wrongful because the appellees violated the Texas Open Meetings Act. The appellees' motion for summary judgment was granted, and a take-nothing judgment was entered against the appellant. We reverse and remand for trial.

The appellant, in 1974, was appointed City Manager of Kingsville. On April 1, 1978, R.M. Botard was duly elected as Mayor of Kingsville. Thereafter, on July 13, 1978, Mayor Botard asked the appellant to resign as City Manager and gave him two weeks to make a decision. On July 27, 1978, the appellant informed Mayor Botard that he would not resign. The following day, an emergency session of the Kingsville City Commission was called by Mayor Bo-

tard and Commissioner Hill to discuss the appellant's dismissal. At this session, a preliminary resolution was passed which suspended the appellant and appointed an interim replacement.

On August 28, 1978, at the regular meeting of the City Commission, a public hearing regarding the appellant's suspension was held. At the conclusion of this hearing, the Commission deferred final action on the appellant's dismissal to a later date. The next day, August 29, the following notice was posted:

"AGENDA

OF THE

CITY COMMISSION

FOR A

SPECIAL MEETING

AUGUST 31, 1978

CITY HALL

200 E. KLEBERG

5:00 P.M.

The importance of the following matters constitute urgent public necessity warranting a Special Meeting of the Kingsville City Commission.
1. Commission will vote regarding the adoption of a Final Resolution of removal or a Declaration of Non-Adoption in the matter of J. Filiberto Garcia. No testimony will be heard.
2. Discuss and decide on an alternate meeting date instead of the one scheduled Labor Day, September 4, 1978.
This special meeting of the City Commission was called by Commissioners Hill and Garza.
Posted at 2:50 P.M. on August 29, 1978 by Jean M. Johnson, Secretary to the Acting City Manager.

A true and correct copy I
hereby certify.
s/s
R.G. Nelson, City Secretary"

The City Commissioners, approximately fifty hours after this notice was posted, convened and passed a final resolution formally dismissing the appellant as City Manager. The appellant then instituted this suit, seeking damages for his alleged wrongful discharge and defamation of character.

In his Fourth Amended Original Petition, the appellant alleged, among other things, that his discharge was wrongful because the August 31st meeting of the City Commission was convened in violation of the Open Meetings Act since seventy-two hours' prior notice was not given. The appellees filed a motion for summary judgment which contended, in part, that the August 31 meeting was an emergency meeting requiring only two hours' advance notice and that their determination that an emergency existed was not subject to judicial review. In his response, the appellant re-urged his contention that seventy-two hours' advance notice was required by the Open Meetings Act. As stated above the appellees' motion for summary judgment was granted and this appeal followed.

The appellant's brief alleges six points of error, but we find his third point to be dispositive of this appeal. We therefore limit our consideration and discussion to his third point.

The appellant's third point of error contends that the trial court erred in granting summary judgment for the appellees because the dismissal meetings violated the notice requirements of the Open Meetings Act.

The Texas Open Meetings Act, Tex.Rev. Civ.Stat.Ann. art. 6252–17 (Vernon Supp. 1982), requires all meetings of a governmental body at which public business is discussed to be open to the public. To ensure that the public has adequate advance notice of such meetings, the statute further requires that:

"Notice of a meeting must be posted in a place readily accessible to the general public at all times for at least 72 hours preceding the scheduled time of the meeting, . . .

In case of emergency or urgent public necessity, which shall be expressed in the notice, it shall be sufficient if the notice is posted two hours before the meeting is convened." Tex.Rev.Civ.Stat.Ann. art. 6252–17 § 3A(h) (Vernon Supp.1982).

■ Compliance with the Open Meetings Act is mandatory, and actions taken by a governmental body in violation of the statute are subject to judicial invalidation in a suit brought by a person adversely affected by such actions. *Lower Colorado River Authority v. City of San Marcos,* 523 S.W.2d 641, 646 (Tex.1975).

It is undisputed that seventy-two hours' notice was not given before the August 31, 1978, meeting was held. We must, therefore, ascertain whether the appellees have established, as a matter of law, that this meeting was required by an emergency or matter of urgent public necessity, and thus not subject to the seventy-two hour notice requirement.

The appellees, in their brief, argue that their determination that the meeting of August 31 was prompted by a matter of urgent public necessity is not subject to judicial review. We disagree. In *Cameron County Good Government League v. Ramon,* 619 S.W.2d 224 (Tex.Civ.App.—Beaumont 1981, writ ref'd n.r.e.), the court held:

"To contend that a governing body has unbridled power to decide what is an emergency under the Open Meetings Act flies in the teeth of *Section 3* (1970) which specifically allows judicial review 'for the purpose of stopping or preventing violations or threatened violations of this Act.' Such a holding would effectively emasculate the Act and thwart the intentions of the Legislature as expressed in the Caption of the bill (Acts 1967, 60th Leg. Ch. 271, p. 597):

'An act to prohibit governmental bodies from holding meetings which are closed to the public. . . .'

And as expressed in the emergency clause (Section 7):

'The importance of assuring that the public has the opportunity to be informed concerning the transactions of public business. . . .' " *Id.* at 231.

■ We agree with the court's rationale in *Ramon* and hold that a governing body's decision that an emergency or matter of urgent public necessity justifies the waiving of the seventy-two hour notice requirement of the Open Meeting Act is subject to judicial review.

Since this is an appeal from a summary judgment, we must now determine whether the appellees established, as a matter of law, that a matter of urgent public necessity required the August 31, 1978, meeting to be held without seventy-two hours' prior notice. In deciding this issue, we must disregard all conflicts in the evidence and accept as true the evidence which tends to support the appellant's position. *Parrott v. Garcia,* 436 S.W.2d 897, 899 (Tex.1969); *Crystal City I.S.D. v. Crawford,* 612 S.W.2d 73, 74 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.).

Mayor Botard, in his deposition, gave the following testimony regarding the urgency of the August 31, 1978, meeting:

"Q: (By Mr. Hardberger) Okay. Do you know why there was not three days' notice given on the meeting of the 31st?

A: Well, Council voted to set that date as a date for the final vote.

Q: Did you consider that another emergency?

A: Well, the Council set the date. I mean—that's when they set it—set the date.

  *   *   *   *   *   *

Q: Is there some reason it couldn't have been called Friday so he would have 72 hours?

A: I didn't have any reason.

Q: And that's when the final resolution was passed?

A: Final dismissal was passed, yes."

Commissioner Hill gave the following explanation as to why there was not seventy-two hours' notice for the August 31st meeting:

"Q: (By Mr. Hardberger) There was also not 72 hours given on that. Do you have

any real reason that had to be a hurry up meeting, also?

A: No. When the Mayor was talking, I was trying to recall this. I can't remember. I thought that we made the decision at the Commission meeting on Monday night to have the special meeting on Thursday, and I don't remember any details about anything else."

The above-quoted testimony and Mayor Botard's prior testimony that on July 28, 1978, the appellant was suspended and an interim replacement appointed, clearly show that the appellees have *not* established as a matter of law that a matter of urgent public necessity justified the waiver of the required seventy-two hour public notice. We, therefore, sustain the appellant's third point of error regarding lack of proper notice of the August 31, 1978, meeting.

The judgment of the trial court is reversed, and the cause is remanded for trial.

REVERSED and REMANDED.