**Dianne JAMES, Appellant,**

v.

**HITCHCOCK INDEPENDENT SCHOOL DISTRICT, Appellee.**

**No. 01–85–0906–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 15, 1987.

Robert E. Hall, Houston, for appellant.

Tracey Whitley, Doyal, Hairston & Walsh, P.C., Austin, for appellee.

Before EVANS, C.J., and DUGGAN and WARREN, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a take-nothing summary judgment holding that a school district can unilaterally modify a teacher's "continuing" contract. Following a hearing on cross-motions for summary judg-

ment, the trial court rendered final judgment in favor of the appellee/defendant, Hitchcock Independent School District, and denied all relief sought by the appellant/plaintiff, Dianne James, on her motion for partial summary judgment.

Appellant, Dianne James, a high school librarian and 20–year employee of the Hitchcock Independent School District ("the District"), was employed on a 10 month (203 days) teacher's continuing contract which began in the 1979–1980 school year. Her salary was determined by dual formula, with 183 days paid at the rate set by the Foundation School Program, Tex. Educ.Code Ann. §§ 16.001–16.524 (Vernon Supp.1986), and with the remaining 20 days paid by local funding. Step increases were added as annual increments to her salary.

On March 4, 1981, the District informed James by letter from the school superintendent that, beginning with the 1981–1982 school year, the District would begin to reduce her locally-funded days on a downward scale to absorb her state-mandated increases until the District's contribution eventually became a constant $1,400 annual payment. The letter included a paragraph praising her work and was accompanied by increased duties.

James protested the cut-back in her work schedule and filed an appropriate written request to meet and discuss the change with the District's Board of Trustees ("the Board"). The superintendent first told her that the Board would not meet with her, then said that the Board would hear her based on advice of counsel, and finally set out a procedure requiring her to submit her remarks in written form to the Board. Although the superintendent first told James that the trustees might not hear her, he nevertheless encouraged her to attend the Board's meeting for a possible hearing in executive session. The Board apparently had already met privately with the superintendent about the matter on two occasions, according to James' summary judgment proof. James invoked the auspices of the Texas Open Meetings Law, Tex.Rev.Civ. Stat. art. 6252–17 (Vernon 1970), and ultimately filed this lawsuit.

On appeal, James seeks: (1) reversal of the summary judgment in favor of the District; (2) rendition of summary judgment in her favor; (3) remand to the trial court for the determination of damages; (4) injunctive relief; and, (5) attorney's fees and costs of court.

Both sides agree that, in 1979, appellant and the District entered into a ten month (203 days) continuing contract, governed by provisions of the Foundation School law, Tex.Educ.Code Ann. §§ 16.051–16.056, which required that the District contract with appellant for a minimum of 183 days. In the 1979 continuing contract, 20 days were added to that minimum by the local Board and were funded by local supplement.

The District argues that a policy of "transfer and reassignment" adopted by the Board of Trustees on February 26, 1981, six days prior to the letter to appellant, authorized the Superintendent to "assign and transfer" personnel, and that a 1982 revision of the policy empowered the Superintendent to take away "extracurricular" assignments. The District maintained that since James' contract with the District contained a clause accepting rules and regulations then existent or later added, the cut-back in her locally funded days under the continuing contract was authorized by the clause and by this policy.

Because both parties moved for summary judgment, this court may review both the denial as well as the grant of summary judgment. *Teledyne Isotopes, Inc. v. Bravenec,* 640 S.W.2d 387, 389 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.). Each party has the burden of clearly proving its right to judgment as a matter of law, and neither may prevail simply because the other failed to discharge his burden. *Traylor v. Unitedbank,* 675 S.W.2d 802 (Tex.App.—Beaumont 1984, writ ref'd n.r.e.).

This Court may consider only the summary judgment issues presented in the motions before the trial court. Tex.R.Civ.P. 166–A(c). The District is limited by its motion for summary judgment to a challenge of appellant's pleadings.

As a general rule, the issue of whether pleadings fail to state a cause of action may not be resolved by summary judgment. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex.1983). When pleadings fail to state a cause of action, the proper course for the opposing party is to file special exceptions. *Spencer v. City of Seagoville*, 700 S.W.2d 953 (Tex.App.—Dallas 1985, no writ). Only after a party has been given an opportunity to amend after special exceptions have been sustained may the cause be dismissed for failure to state a cause of action. *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex. 1974). If, however, the pleading deficiency is of the type that cannot be cured by an amendment, a special exception is unnecessary and a summary judgment based on the pleadings' failure to state a legal claim is in order. *Jacobs v. Cude*, 641 S.W.2d 258, 261 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). The District did not file special exceptions, and did not identify a missing element or incurable defect in appellant's causes of action. However, legal memoranda filed with the District's motion for summary judgment noted that James failed to allege facts that either constituted a violation of her rights or demonstrated a constitutional impairment of the obligation of contract. It also urged that those facts which she did allege failed to establish a cause of action for violation of a statute or policy.

If the plaintiff-appellant's pleadings properly asserted a cause of action, or if plaintiff's pleadings were defective but were curable by amendment, summary judgment for the District was improper. *Texas Department of Corrections v. Herring*, 513 S.W.2d at 10.

Appellant's original petition sought a declaration of her rights under the 1979 continuing contract, pursuant to the Uniform Declaratory Judgments Act as now codified by Tex.Civ.Prac. & Rem.Code Ann. §§ 37.001–37.011 (Vernon 1986). Section 37.004 provides:

(a) *A person interested under ... written contract, or other writings constituting a contract or whose rights, status or other legal relations are affected by a ... contract ... may have determined any question of construction or validity arising under the instrument ... and obtain a declaration of rights, status, or other legal relations thereunder.*

(b) A contract may be construed either before or after there has been a breach.

In suits for declaratory relief, the trial court has limited discretion to refuse a declaratory judgment, and may do so only where judgment would not remove the uncertainty giving rise to the proceedings. Tex.Civ.Prac. & Rem.Code Ann. § 37.008. Appellant's petition sufficiently stated a cause of action under the Uniform Declaratory Judgments Act to entitle her to a declaration of her status under the 1979 continuing contract.

Appellant's petition asserted her residency in the county where suit was filed, venue, the existence of the 1979 continuing contract for 203 days annual employment, the conduct by the District which unilaterally changed that contract by reducing the number of days, the refusal of the District to meet with her in open session to resolve the dispute, and her economic damages resulting therefrom. *See Southern National Bank v. City of Austin*, 582 S.W.2d 229 (Tex.Civ.App.—Tyler 1979, ref'd n.r.e.).

A contract may be construed either before or after there has been a breach. Tex. Civ.Prac. & Rem.Code Ann. § 37.004(b) (Vernon 1986). In a suit for declaratory judgment, no particular type of pleading is required, *Frost v. Sun Oil Co.*, 560 S.W.2d 467, 473 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ), so long as an actual controversy exists, *Powell v. Estelle*, 580 S.W.2d 169, 171 (Tex.Civ.App.—Austin 1979, ref'd n.r.e.), *cert. denied*, 444 U.S. 892, 100 S.Ct. 198, 62 L.Ed.2d 129 (1979), and the suit is within the jurisdiction of the petitioned court. *Wilson v. Wilson*, 378 S.W.2d 156 (Tex.Civ.App.—Tyler 1964, no writ). The District does not contest either the existence of actual controversy or the trial court's jurisdiction.

Because appellant stated a cause of action, her first point of error is sustained

and the summary judgment awarded the District is reversed.

The trial court's order purported to determine all matters, but failed to construe the 1979 continuing contract. The parties agree that the material facts are established, and that only legal questions remain. Therefore, this Court must render the judgment which the trial court should have rendered. *Southern National Bank v. City of Austin,* 582 S.W.2d at 237, *Donald v. Carr,* 407 S.W.2d 288, 291 (Tex.Civ. App.—Dallas 1966, no writ).

Because the causes of action that appellant asserts are dependent upon her status under her 1979 continuing contract, this Court must construe that agreement in order to decide appellant's second point of error, i.e., whether the trial court erred in denying her motion for partial summary judgment.

The 1979 contract was a continuing contract, a contract for tenured public school teachers. *Wells v. Hico Independent School District.,* 736 F.2d 243, 255 (5th Cir.1984). Tex.Educ.Code Ann. §§ 13.106–13.116 (Vernon 1972).

■ The continuing contract and a teacher's status under it are statutory creations. Tex.Educ.Code Ann. § 13.106 (Vernon 1972). Even if the District should decide to do away with such contracts in the future, an existing continuing contract continues "for future school years without the necessity for annual nomination or reappointment," until or unless one of the causes or occurrences enumerated in the Education Code justifies either (1) termination of the contract or (2) a return of the teacher to probationary status. *Cummins v. Eanes Independent School District,* 468 S.W.2d 913 (Tex.Civ.App.—Austin 1971, no writ); Tex.Educ.Code §§ 13.106, 13.109–13.110; Op.Tex.Att'y.Gen. No. MW–238 (1980); Armstrong & Holland, Teacher Termination & Nonrenewal in Texas Public Schools, 16 St. Mary's L.J. 783 (1985).

■ The District did not terminate appellant's contract; instead, it attempted unilaterally to modify it by reducing it, over a period of time, from its present 203 days to the statutory minimum 183 days. The Board's position is that since the statute specifies that a District must comply with a minimum number of days, it does not violate the statute so long as it satisfies the minimum number of 183 days, and the additional 20 days agreed to under appellant's contract remain permissive and may be changed at any time. Tex.Educ.Code § 13.107 provides, in pertinent part, that:

Each teacher with whom a continuing contract has been made as herein provided shall be entitled to continue in his position or a position with the school district, at a salary authorized by the board of trustees of said district *complying with the minimum salary provisions* of the foundation aid law. (emphasis added)

Tex.Educ.Code § 16.056, on which the District relies, establishes the 183–day minimum.

The continuing contract entered into by these parties tracks the provisions of the statute. Neither the contract nor the statute recognizes a modification.

We find no Texas cases that specifically address modification of a teacher's continuing contract. While the statute is silent as to "modifications," the legislature has specifically provided only two methods to alter such contracts, and has enumerated the specific reasons that might warrant either a (1) discharge or (2) return of the teacher to probationary status. Armstrong & Holland, 16 St. Mary's L.J. at 787.

A Minnesota case considered modification of an eleven-month contract which, like the contract before us, also exceeded that state's minimum requirements. In that case, the court ruled that where the district failed to designate the eleventh month as extra duty, the protections of the continuing contract statutes enveloped the entire period of the contract. *Rochester Education Association v. Independent School District,* 271 N.W.2d 311 (Minn.1978).

Like the Minnesota contract, appellant's contract makes no distinction concerning the number of days. The duties for those days were related to her service as a librarian and were not extracurricular.

The District contracted in 1979 to pay appellant for working 203 days. Now it contends essentially that, despite state-mandated pay increases over seven years, it is obligated to pay her no more than the contract value in 1979. Tex.Educ.Code § 16.057(b) provides:

> If the district pays more than the state minimum salary prescribed by this subchapter, the teacher is 'entitled to the career ladder supplement in addition to the amount otherwise paid by the district for the teacher's step.

Tex.Educ.Agency, 19 Tex.Admin.Code § 105.72(f) (Nov. 6, 1981) provides that if extended service is granted, local funds used must at least equal the State's minimum daily rate for the position.

To allow a school district to continually reduce or increase a teacher's number of days to maintain a constant level of monetary value, in order to avoid specific terms in a continuing contract, would be contrary to the continuing contract statute, contrary to Tex.Educ.Code § 16.057 and contrary to 19 Tex.Admin.Code § 105.72(f).

We hold that the continuing contract entitled appellant to 203 days of employment until one of the statutorily enumerated causes warranted either her termination or her return to probationary status. The District agreed in the 1979 contract to 20 days more than the minimum number of days required by the State. When those 20 days became part of the contract, they acquired tenure protection, which continues in the contract without necessity for renegotiation for future years until one of the conditions or occurrences set out in the statute warranted termination of the contract or appellant's return to probationary status. To hold otherwise would seriously undermine economic security for public school teachers—a goal of the continuing contract law.

Appellant's second point of error claims that the trial court erred by denying her cross-motion for summary judgment. Appellant's motion for summary judgment was accompanied by: (1) admissions on file wherein the District admitted the existence of her continuing contract at 203 days; (2)

a copy of the contract; and, (3) appellant's own affidavit testimony setting out the breach and her damages. Her affidavit attested that the copy of the contract was true and correct. In that affidavit, she related the unilateral reduction in her days of employment by Superintendent Vaughn; the economic injury from that decision in 1981–1982 and from the subsequent reductions which froze the amount of her local contribution. She attested that having complied with the necessary notice and protest requirements,. she had properly invoked the Texas Open Meetings Law.

■ The affidavit of an interested party is acceptable as proof where it is clear, positive and direct, otherwise credible, free from inconsistencies and contradictions, and could have been readily controverted. Tex.Rule Civ.P. 166–A(c).

The affidavits offered by the District attested that appellant had been paid the minimum and set out the date on which the school's reassignment policy took effect.

■ A teacher serving under a continuing contract has a property interest in her employment and is entitled to due process before termination. *Heins v. Beaumont Independent School District,* 525 F.Supp. 367, 371 (E.D.Tex.1981) *aff'd* 690 F.2d 903 (5th Cir.1982). Due process requires both timely notice and an opportunity for a meaningful hearing appropriate to the nature of the case. *Findeisen v. North East Independent School District,* 749 F.2d 234, 239 (5th Cir.1984) *cert. denied,* 471 U.S. 1125, 105 S.Ct. 2657, 86 L.Ed.2d 274 (1985). The record shows that appellant received notice of the District's intent to change her contract but that despite her considerable efforts to arrange for a meaningful hearing, none was provided in accordance with either the Education Code or the Texas Open Meetings Act, Tex.Rev.Civ.Stat.Ann. art. 6252–17 (Vernon 1970).

Tex.Educ.Code § 13.112(c), also provides that a hearing is required for any complaint arising from a continuing contract dispute, and that this hearing "[s]hall be

public unless the teacher requests in writing that it be private."

Appellant established that she invoked the provisions of the Texas Open Meetings Law, and requested a hearing before the Board of Trustees. Refusal of this request is permissible only where the teacher does not object to its denial. *Bowen v. Calallen Independent School District,* 603 S.W.2d 229, 236 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). The act is mandatory upon governmental authorities, whether in regular, special, or called sessions, and actions taken in violation of the act may not be ratified and are subject to judicial invalidation. *Lower Colorado River Authority v. City of San Marcos,* 523 S.W.2d 641 (Tex.1975); *Garcia v. City of Kingsville,* 641 S.W.2d 339 (Tex.App.—Corpus Christi 1982, no writ).

The District contends that because Superintendent Vaughn made no request for an open meeting, the District itself was not bound. Although governing boards are not as a general rule bound by representations of their agents unless ratified by the board as a body, *Davis v. Duncanville Independent School District,* 701 S.W.2d 15 (Tex. App.—San Antonio 1985, writ dism'd); *Toyah Independent School District v. Pecos–Barstow Independent School District,* 466 S.W.2d 377, 380 (Tex.Civ.App.—San Antonio 1971, no writ), that rule would not apply here. The Texas Open Meetings Act clearly gave appellant a right to invoke the act to request her own open meeting. The record shows that she sent copies of her request to seven members of the board as well as to her principal. Had the Board not elected to deny her a hearing, she presumably would have been heard.

Because we determined that continuing contract protections apply for the entire 203 days of appellant's contract, that ruling invalidates the action taken by the District in violation of the Texas Open Meetings Act. *Lower Colorado River Authority v. City of San Marcos,* 523 S.W.2d at 646; *Toyah Independent School Dist. v. Pecos–Barstow Independent School Dist.,* 466 S.W.2d at 380.

We reverse the trial court's take-nothing summary judgment for the District, render partial summary judgment in favor of James on liability, and remand the cause to the trial court for a hearing to determine appellant's damages for the impairment of her contract rights, for attorney's fees, and for costs of court and this appeal.