THE ATTORNEY GENERAL
OF TEXAS



November 23, 1988

JIM MATTOX
ATTORNEY GENERAL

Mr. Charles D. Penick                Opinion No. JM-985
Criminal District Attorney
Bastrop County                       Re:  The meaning of "emergency"
804 Pecan Street                     in section 3A of the Texas Open
Bastrop, Texas  78602                Meetings Act, article  6252-17,
                                     V.T.C.S., and whether a govern-
                                     mental entity  may ratify  cer-
                                     tain actions  taken  during  an
                                     emergency meeting.  (RQ-1483)

Dear Mr. Penick:

    You  ask  several  questions  about  the  meetings  and
procedures leading up  to the  1985 purchase of  a tract  of
land by the Elgin  Independent School District.  A  taxpayer
group was formed in March of 1988 to examine school district
expenditures.  The group now  questions the validity of  the
1985 purchase because the board approved the purchase during
a closed emergency meeting.

    On August 20, 1985, the school board posted notice  for
an emergency  meeting  for  "Consideration  of  Real  Estate
Purchase in Executive Session."   The reason stated for  the
emergency was that "the land is now available but [the  fact
that] a decision must be made immediately makes it necessary
to hold an emergency meeting."  The minutes of the emergency
meeting show  that  the  board  met  in  emergency  session,
recessed to  executive session,  and then  reassembled  from
executive session.  The minutes state, "It was the consensus
of the Board to offer Adrian Ford $450,000 for [a  specific]
parcel of land he  owns."  The minutes  also state that  the
board authorized the superintendent to work out the purchase
details, subject  to final  board approval,  and that  final
approval was obtained later that day by telephone poll.  The
board "approved" these  minutes during  its regular  monthly
meeting on September 5, 1985.

    You  ask  1)  whether  taking  this  action  during  an
emergency meeting complied with the Texas Open Meetings Act,
article  6252-17,  V.T.C.S.;   2)  whether  the   subsequent
approval of  the  emergency meeting  minutes  validated  the

emergency action; 3) whether the taxpayers of the district have any legal remedies; and 4) whether the district may legally pay for the district's defense of the action taken during the emergency meeting.

The Open Meetings Act requires governmental bodies to hold all meetings, with certain exceptions, in open session. Cox Enterprises, Inc. v. Board of Trustees of the Austin Indep. School Dist., 706 S.W.2d 956, 958 (Tex. 1986). Executive or closed sessions may be held only when expressly authorized and when certain procedural requirements are satisfied. Your concern is not that the meeting at issue was improperly closed, but that the notice for the meeting was defective.

Adequate notice must precede executive sessions. Id. at 958; Art. 6252-17, § 2(a). Notice of meetings must be posted for at least 72 hours preceding the scheduled time of a meeting. Art. 6252-17, § 3A(h). The Open Meetings Act, however, authorizes two-hour notice for emergency meetings.

In 1985, section 3A(h) of the Open Meetings Act provided, in part:

> In case of emergency or urgent public necessity, which shall be expressed in the notice, it shall be sufficient if the notice is posted two hours before the meeting is convened. . . .[I]t shall be sufficient if the notice or supplemental notice is posted two hours before the meeting is convened, and the presiding officer or the member calling such emergency meeting or posting supplemental notice to the agenda for any other meeting shall, if request therefor containing all pertinent information has previously been filed at the headquarters of the governmental body, give notice by telephone or telegraph to any news media requesting such notice and consenting to pay any and all expenses incurred by the governmental body in providing such special notice.

This section was amended in 1987 to define emergency and to require that the notice state the reason for the emergency meeting. See Acts 1987, 70th Leg., ch. 549, § 5, at 2213. Because the meeting at issue here occurred in 1985, this amendment is not at issue. It does not apply retrospectively.

In River Road Neighborhood Assoc. v. South Texas Sports, 720 S.W.2d 551 (Tex. App. - San Antonio 1986, writ dism'd), the court construed the emergency notice provision as it existed at the time of the meeting at issue here. The court held that notice of an emergency meeting need not describe the nature of the emergency necessitating the emergency meeting. The court provided a general definition of "emergency":

> [T]he term generally refers to an unforeseen combination of circumstances that calls for immediate action; a sudden or unexpected occasion or action. The mere necessity for quick action does not constitute an emergency where the situation calling for such action is one which reasonably should have been anticipated. The Texas Supreme Court has said that an emergency is a condition arising suddenly and unexpectedly, not caused by any neglect or omission of the person in question, which calls for immediate action. (Citations omitted.)

720 S.W.2d 551, 557. The court held that because the school board knew action would be necessary on a specific date several weeks before the date, an emergency meeting was not warranted.

In the case you present, it is not clear whether an "emergency," within the meaning of section 3A(h), existed. The existence of an emergency necessarily depends on the facts in any given case. See Common Cause v. Metropolitan Transit Authority, 666 S.W.2d, 610, 613 (Tex. App. - Houston [1st Dist.] 1984, writ ref'd n.r.e.). The attorney general's authority to issue legal opinions is directed to questions of law. See Attorney General Opinion JM-827 (1987). The attorney general cannot finally resolve disputed questions of fact such as whether a particular meeting complied with the Open Meetings Act. See Attorney General Opinion MW-390 (1981); see also Attorney General Opinion MW-28 (1979). Based on the facts you have provided, it does not appear that an emergency existed. Only the courts, however, can overturn governmental actions taken in violation of the Open Meetings Act.

You note that the school board also approved the minutes of the action taken during the emergency meeting. Because you ask about the legal effect of subsequent action taken by the board, we assume you ask whether the subsequent

action could ratify the action taken at the emergency meeting.

In Lower Colorado River Authority v. City of San Marcos, 523 S.W.2d 641, 646 (Tex. 1975), the Texas Supreme Court held that the LCRA Board's notice to consider matters "including the ratification of the prior action. . . taken. . . in response. . . to changes in electric power rates" substantially complied with the act's notice provisions. The court invalidated the River Authority's attempt to raise rates at the subsequent meeting because the notice of the previous meeting, at which action was taken, was not in compliance with the act. In effect, the court required notice that rates might be increased, not simply notice that a prior action regarding rates would be ratified.

The case you present involves the timeliness of notice. Although that supreme court decision applied to the substance of the notice rather than to the timeliness of the notice, the same general principles apply to both. Applying this decision to the case at hand indicates that the subsequent "approval" of the minutes of the emergency meeting could not affect the validity of action taken. In the first place, the approval of minutes is not necessarily the equivalent of ratifying an action. Even if the approval of the minutes were the equivalent of ratification, if the notice for the emergency meeting was defective, the subsequent meeting could not correct the error simply by ratifying the minutes of prior action. See Common Cause v. Metropolitan Transit Authority, supra at 613. The notice for the subsequent meeting would have to specify the action to be ratified.

You ask what remedies are available to the school district's taxpayers. A governmental body's determination of the existence of an "emergency" is subject to judicial review. See Garcia v. City of Kingsville, 641 S.W.2d 339 (Tex. App. - Corpus Christi 1982, no writ); Cameron County Good Government League v. Ramon, 619 S.W.2d 224 (Tex. Civ. App. - Beaumont 1981, writ ref'd n.r.e.). Actions taken in violation of the Open Meetings Act are not automatically void, they are subject to reversal in court actions. Lower Colorado River Authority v. City of San Marcos, supra, at 646; see Toyah Indep. School Dist. v. Pecos - Barstow Indep. Dist., 466 S.W.2d 377 (Tex. Civ. App. - San Antonio 1971, no writ). To overturn the actions of the district, the taxpayers would have to file a civil lawsuit against the district.

Finally, you ask whether the district may legally pay for the district's defense of the action taken during the emergency meeting. An independent school district has the authority to hire attorneys to protect its interests in a lawsuit. Tex. Educ. Code § 23.26; Attorney General Opinion JM-685 (1987). This authority, however, is limited to defending legitimate interests of the district, interests that also serve the public interest. Attorney General Opinions JM-824, JM-685 (1987) (and cases cited therein). The lawfulness of expending public funds in a lawsuit against a school district or against the members of a school board involves questions of fact. Attorney General Opinion JM-824. As indicated, the attorney general's opinion process is not designed to resolve disputed questions of fact.

## S U M M A R Y

The Texas Open Meetings Act, article 6252-17, V.T.C.S., authorizes holding meetings with only two hours' notice only for legitimate emergencies. Action taken in violation of the Open Meetings Act's emergency notice provisions cannot be validated simply by ratifying the minutes of the emergency meeting.

The existence of an emergency necessarily depends on the facts in any given case. Based on the facts you present, an emergency did not exist. Actions taken in violation of the Open Meetings Act are not automatically void; they are subject to reversal in court actions.

Independent school districts have the authority to hire attorneys to protect the legitimate interests of the districts. The lawfulness of defending a particular law suit depends on the facts.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

JENNIFER S. RIGGS
Chief, Open Government Section
of the Opinion Committee

Prepared by Jennifer S. Riggs
Assistant Attorney General