

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 3, 1993

Honorable O. H. "Ike" Harris
Chair
State Affairs
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. DM-251

Re: Whether a school district's board of trustees may conduct termination hearings of a teacher in executive session when a teacher specifically requests a public hearing (RQ-563)

Dear Senator Harris:

You have requested our opinion regarding whether a school district's board of trustees (the "board") may conduct a termination hearing of a teacher in executive session in those circumstances involving sexual harassment of students when the teacher specifically requests that the hearing be open to the public. You are concerned that students who may be required to testify against the teacher may be "subject to public scrutiny, embarrassment and ridicule." You contend that in order to protect the best interests of children, a school district should not require public testimony by student witnesses in these circumstances. We do not believe a school board may conduct a termination hearing in executive session over the teacher's objection.

Pursuant to section 13.112 of the Texas Education Code, a teacher may request a public hearing on the proposed termination of his contract.[1] Section 13.112 provides in relevant part:

> (a) If, upon written notification of the proposed action, the teacher desires to contest the same, he shall notify the board of trustees in writing within 10 days after the date of receipt by him of the official notice above prescribed, of his desire to be heard, and *he shall be given a public hearing if he wishes* or if the board of trustees determines that a public hearing is necessary in the public interest.

> . . . .

---

[1]Senate Bill 7 repeals, *inter alia*, chapter 13 of the Education Code, effective September 1, 1995. Acts 1993, 73d Leg., ch. 347, § 8.33(2). The commissioner of education is to submit to the legislature a proposed revision of the Education Code provisions repealed by section 8.33. *Id.* §§ 8.33, 8.34.

> (c) Within 10 days after request for hearing made by the teacher, the board of trustees shall fix a time and place of hearing, which shall be held before the proposed action shall be effective. *Such hearing shall be public unless the teacher requests that it be private.* [Emphasis added.]

In addition, subsection 2(g) of the Open Meetings Act provides:

> Nothing in this act shall be construed to require governmental bodies to hold meetings open to the public in cases involving the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee or to hear complaints or charges against such officer or employee, *unless such officer or employee requests a public hearing.*

V.T.C.S. art. 6252-17, § 2(g) (emphasis added). These laws require that when a teacher makes an appropriate request for a public hearing, the school district must grant such request. *See James v. Hitchcock Indep. Sch. Dist.*, 742 S.W.2d 701 (Tex. App.--Houston [1st Dist.] 1987, writ denied); *Corpus Christi Classroom Teachers Ass'n v. Corpus Christi Indep. Sch. Dist.*, 535 S.W.2d 429 (Tex. Civ. App.--Corpus Christi 1976, no writ); Attorney General Opinion JM-1191 (1990).

You contend that subjecting a child witness to testify in an open hearing "would not be normally permitted in a court of law" because the child would be "protected in criminal proceedings in which testimony may be given *in camera* to protect the best interests of the child." Although you do not provide us with information to suggest that a teacher may be subject to criminal sanctions, we assume that you are referring to article 38.071 of the Code of Criminal Procedure. Article 38.071 addresses the procedure to be followed with regard to testimony by closed circuit television or video recording of a child who is a victim of one of several enumerated offenses under the Penal Code.[2] A judge has the discretion to determine that a child is unable to testify at the trial of the offense, taking into consideration the best interests of the child, the rights of the defendant, and any other relevant factors. Code Crim. Proc. art. 38.071, §§ 1, 4. Moreover, the statute only applies to a child who is 12 years old or younger. *Id.* § 1. Because this statute requires findings of fact by a judge with regard to criminal procedure in a court of law, we cannot conclude that such procedure would control a termination hearing required to be public as requested by the teacher under the Education Code and the Open Meetings Act.

---

[2]Section 39.02 of the Penal Code, entitled "Official Oppression," provides for criminal sanctions for sexual harassment by a public employee, and classifies an offense under that section as a Class A misdemeanor. However, official oppression is not one of the enumerated offenses in article 38.071 of the Code of Criminal Procedure.

Normally, a board may not convene in closed session unless specifically provided for by law.[3] *See* Attorney General Opinion MW-578 (1982) at 4. Although the Open Meetings Act provides for an executive session under section 2(g), the exception does not apply if the public employee who is the subject of the meeting requests that it be open. Section 2(g) of the Open Meetings Act and section 13.112 of the Education Code do not give a school district's board of trustees the discretion to meet in executive session because a child may be a participant in any particular proceeding.[4] Therefore, a board of trustees of a school district may not convene in executive session for a termination hearing of a teacher when the teacher specifically requests that the hearing be open to the public.

## S U M M A R Y

A board of trustees of a school district may not convene in executive session for a termination hearing of a teacher when the teacher specifically requests that the hearing be open to the public pursuant to section 2(g) of the Open Meetings Act and section 13.112 of the Education Code.

Very truly yours,

DAN MORALES
Attorney General of Texas

---

[3]In *Morales v. Ellen*, 840 S.W.2d 519 (Tex. App.–El Paso 1992, writ denied), the El Paso Court of Appeals held that victims and witnesses had a common-law privacy interest that prohibited the disclosure of their identities and statements regarding allegations of sexual harassment. However, the *Ellen* court applied the common-law privacy exception to public disclosure under section 3(a)(1) of the Texas Open Records Act, *id.* at 524; a comparable exception is not found in the Open Meetings Act. The Open Records Act does not authorize a governmental body to conduct a meeting in closed session merely because information discussed in the meeting may be within one of its exceptions to disclosure. Attorney General Opinion JM-595 (1986) at 4-5.

[4]Section 13.112 of the Education Code does give the board limited discretion to hold a meeting open to the public when "a public meeting is necessary [to] the public interest."

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Loretta DeHay
Assistant Attorney General