# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00323-CV

**Kenneth Griffin, Appellant**

**v.**

**Jim Nelson,[1] Commissioner of Education and Van Independent School District, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
## NO. 98-07702, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

Kenneth Griffin appeals the district court's affirmance of the Commissioner of Education's affirmance of the Van Independent School District's rejection of his grievance. Griffin contends that the district court should have conducted a trial *de novo* regarding his grievance instead of reviewing that administrative record for substantial evidence supporting the Commissioner's decision. He alternatively contends the judicial review statute is unconstitutional. We affirm the district court's judgment.

Griffin was under continuing contract to direct VISD's bands in 1996-97. Based on the start of band practice, he was prohibited from unilaterally resigning on or after June 16, 1996. Though his salary increased from $46,787 in 1995-96 to $47,000 in 1996-97, the raise was smaller

---

[1] Jim Nelson succeeded Michael Moses as commissioner and automatically replaces him in the style of the case. *See* Tex. R. App. P. 7.2(a).

than he expected. That year, Griffin's state base pay increased from $36,287 to $39,733, but on September 10, 1996, VISD reduced his band director's stipend from $8500 to $5767 and his local increment from $2000 to $1500.[2]

Griffin filed a grievance with VISD regarding these reductions, terming them a breach of contract. The school board upheld the reduction of the stipends. The Commissioner and the district court in turn found that substantial evidence supported VISD's denial of the grievance.

Griffin contends that the district court applied the incorrect scope and standard of review. He compares the statute's description of the Commissioner's duties with its description of the district court's duties. *Compare* Tex. Educ. Code Ann. § 7.057(c) (West Supp. 2002) ("the commissioner shall issue a decision based on a review of the record developed at the district level under a substantial evidence standard of review"), *with id.* § 7.057(d) ("[a]t trial, the court shall determine all issues of law and fact"). Griffin concludes that this difference in terms requires a difference in type of review. He argues that, in order to "determine all issues of law and fact," the district court must conduct a trial *de novo*. He argues alternatively for a *de novo* review of the administrative record.

We conclude that the district court used the proper scope and standard of review. The statute does not specify a scope of review for the district court; the instruction to resolve all issues

---

[2] This gap between the date Griffin had to commit to the school district and the date the school district committed to paying him a particular salary was apparently an annual occurrence based on the date tax rates and valuations were set. Demanding a commitment to teach without giving a corresponding commitment to pay a particular salary is evidently not unique to VISD. *See Weslaco Fed'n of Teachers v. Texas Educ. Agency*, 27 S.W.3d 258, 261 (Tex. App.—Austin 2000, no pet.); *Bowman v. Lumberton Indep. Sch. Dist.*, 801 S.W.2d 883, 885 (Tex. 1990).

of fact does not inform the court what it may review to perform that resolution. *See id.* § 7.057(d). Because the Education Code does not define the scope of the judicial review of the Commissioner's decision, the district court must conduct a substantial evidence review. *See* Tex. Gov't Code Ann. § 2001.174 (West 2000). This interpretation of the scope and standard of review of the Commissioner's decisions is consistent with previous interpretations of the Education Code. *See, e.g., Havner v. Meno*, 867 S.W.2d 130, 132 (Tex. App.—Austin 1993, no writ). Griffin does not contend that the district court improperly conducted the substantial evidence review. He has shown no error.

Griffin next contends that substantial evidence review by the district court deprived him of his right to due process under the federal Constitution. Review of a due process claim proceeds in two parts: (1) whether a liberty or property interest is implicated, entitling the complainant to due process protection; and (2) if so, what process is due. *University of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995). A constitutionally protected property interest exists if an individual has a legitimate claim of entitlement that is created, supported, or secured by rules or mutually explicit understandings. *Stratton v. Austin Indep. Sch. Dist.*, 8 S.W.3d 26, 29 (Tex. App.—Austin 1999, no pet.).

We conclude that Griffin has not shown he was deprived of a property interest. Griffin contends that he had a property interest in maintaining the level of his local supplements in addition to the increased state base pay. The Commissioner may have recognized a property right in teachers to keep the previous year's total salary if the salary is uncertain when the teacher is no longer free to resign unilaterally. *See Weslaco Fed'n of Teachers v. Texas Educ. Agency*, 27 S.W.3d 258, 265 n.9

3

(Tex. App.—Austin 2000, no pet.). We have found, however, that the payment of a local supplement for several years does not necessarily guarantee the payment of that supplement the next year—at least not when an increase in the state base salary more than offsets the reduction in the local supplement. *Id.* at 266-67. Griffin's total salary increased because the increase in his state base pay exceeded the reduction in his local supplements. Griffin contends that he was entitled to retain the local supplements under his continuing contract. *See James v. Hitchcock Indep. Sch. Dist.*, 742 S.W.2d 701, 706 (Tex. App.—Houston [1st Dist.] 1987, writ denied). In *James*, the teacher produced evidence that her continuing contract with the school district guaranteed her 203 days of employment; the court held that the school district could not unilaterally reduce the number of days agreed upon in contract. *Id.* at 703-06. Here, Griffin did not muster similar support for his contention that he was guaranteed the local supplements would remain unchanged. The Commissioner found in response to Griffin's exception to the proposal for decision that Griffin did not demonstrate that the board guaranteed him the $8500 stipend; Griffin apparently did not file a similar exception arguing that the board guaranteed him the $2000 local increment. He does not argue here that the Commissioner erred by finding he was not entitled to the stipend and does not argue that the record shows him entitled to the local increment. Griffin has thus failed to show us that he was deprived of property when the local supplements were reduced.

Further, Griffin has not demonstrated a deprivation of due process. "Due process requires both timely notice and an opportunity for a meaningful hearing appropriate to the nature of the case." *Id.* at 706. Griffin simply asserts that the grievance proceeding was insufficient because

4

it "merely [provided] the right to be heard" and required only that the school board "stop, look, and listen." He has not shown that his hearing before the board was inappropriate or meaningless.

Finally, Griffin has not been deprived of his right to open courts. A litigant contending that a statute violates the open courts guarantee of the Texas Constitution[3] must show that he has a cognizable common law cause of action that is being restricted unreasonably or arbitrarily when balanced against the purpose and basis of the statute. *See Trinity River Auth. v. URS Consultants, Inc.*, 889 S.W.2d 259, 262 (Tex. 1994) (quoting *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983)). The legislature imposed deferential standards of review on the Commissioner and the courts in order to let local school districts control their own personnel decisions. *See Ysleta Indep. Sch. Dist. v. Meno*, 933 S.W.2d 748, 752 (Tex. App.—Austin 1996, writ denied). Griffin has not shown how substantial evidence review unreasonably or arbitrarily restricts his ability to pursue his complaint that he is being paid less than he was promised.

We affirm the judgment of the district court.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

---

[3] *See* Tex. Const. art. I, § 13.

Filed:  February 14, 2002

Do Not Publish