D. W. RISINGER, Appellant,

v.

FIDELITY AND DEPOSIT COMPANY
OF MARYLAND, Appellee.

No. 17227.

Court of Civil Appeals of Texas.

Dallas.

Jan. 24, 1969.

John R. Bryant, Dallas, for appellant.

Ray Besing, of Geary, Brice & Lewis, Dallas, for appellee.

BATEMAN, Justice.

The appellee Fidelity and Deposit Company of Maryland sued the appellant Donald W. Risinger and one Hugh M. Hartson, alleged to have been doing business as Hartson Bureau of Investigation, for reimbursement of a loss alleged to have been sustained when it paid a claim of its insured, Samuels & Co., Inc., hereinafter called Samuels, under a burglary policy. It developed that Hartson had sold the Hartson Bureau of Investigation to appellant prior to the events in question, and Hartson's motion for summary judgment was sustained, and no one challenges the correctness of that order. Appellee filed an original and an amended motion for summary judgment. The latter was sustained as against Risinger, who now appeals.

Appellee alleged that during the months of November and December, 1966 large quantities of meat products were stolen from the premises of Samuels; that Hartson Bureau of Investigation had contracted to furnish Samuels plant protection, including the patrolling and guarding of its premises during certain nighttime hours; and that on the occasions of such thefts one Robert Windsor, an employee of Hartson Bureau of Investigation, while acting in the course and scope of his employment

in guarding the premises of Samuels "did participate, aid and abet and make possible the theft of said meat products by others by opening the entrance gates to the assured's premises for the purpose of such thefts."

Appellee's petition presented two theories of recovery: (1) that Hartson Bureau of Investigation was liable "for such illegal, wrongful and tortious conduct which directly caused the damage"; and (2) that Windsor was guilty of numerous specified acts of negligence proximately causing the loss. Appellee alleged that it had paid Samuels the claim of $5,826.01, in consideration of which Samuels assigned its cause of action to appellee. The appellant answered by filing only a general denial.

Appellant's first two points of error on appeal say that the court erred in granting summary judgment for appellee because documentary evidence introduced in support of the motion contained inadmissible hearsay. The third point of error complains because the admissibility of certain exhibits attached to appellee's pleadings was not supported by the pleadings themselves. In his Point Four appellant complains because appellee failed to show the absence of a genuine issue of material fact in one or more of eleven specified areas, four of which are:

(E) Whether the alleged loss and the alleged amount thereof proximately resulted from the alleged thefts and burglaries;

(F) Whether any loss occurred to Samuels for which appellant is liable;

(H) Whether appellant had agreed to perform any services for Samuels at the times and places pertinent herein;

(J) Whether Robert Windsor was a servant or agent of appellant acting within the scope of his employment at the time and place in question.

In its fifth point of error appellant complains of the overruling of his motion to strike the motion for summary judgment.

We consider it desirable to discuss all of these points of error together.

■ At the outset, let us consider the role in which appellee cast itself, and the additional burdens it assumed, when it presented a motion for summary judgment. It was under the burden at all times of establishing the essential elements of its asserted cause of action by a preponderance of the evidence, but by moving for summary judgment it assumed the additional burden of showing that there was no genuine issue as to any material fact pertinent to such cause of action *and* that it was entitled to the judgment prayed for as a matter of law. In passing on whether this additional burden has been discharged, the court must resolve all doubts as to the existence of a genuine issue as to a material fact against the movant, viewing the evidence in the light most favorable to the party opposing the motion. Great American R. Ins. Co. v. San Antonio Pl. Sup. Co., 391 S.W.2d 41, 47 (Tex.Sup.1965) and the cases cited therein.

Three essential elements of appellee's cause of action were: (1) the status of Robert Windsor as an employee of appellant; (2) the wrongful or negligent conduct of Robert Windsor, while acting in the course and scope of such employment, which proximately caused loss to Samuels; and (3) the amount of such loss. Unless the proof submitted in support of its motion for summary judgment can be said to establish, at least prima facie, all three of these elements, it must be held that appellee failed to carry its burden of showing that it was entitled to judgment as a matter of law. There were other elements of the cause of action, such as the contract between appellant and Samuels and the assignment of the cause of action by Samuels to appellee, but these seem to us to have been established satisfactorily. However, we cannot say this with respect to the three elements first mentioned.

■ We find no evidence in the record to the effect that Windsor was ever

an employee of appellant. Appellee says this is not in dispute as appellant has not denied that he was liable as the master or principal of this alleged employee, as required by Rule 93, Vernon's Texas Rules of Civil Procedure. That rule requires that a pleading of any of twenty-two designated matters be verified by affidavit unless the truth thereof appear of record, but we do not find therein, or elsewhere, a requirement that a denial of agency or of the employment of an individual must be either specially pled or verified. Appellee relies upon subdivision (c) of the rule which requires verification of a pleading "that the defendant is not liable in the capacity in which he is sued." No authority is cited in support of this contention, and we have found none. We do not agree with appellee that a defendant, sued under the doctrine of *respondeat superior*, must deny under oath that he is liable under that doctrine. That is not "the capacity in which he is sued," within the contemplation of subdivision (c) of Rule 93. Therefore, we hold that appellee failed to establish this essential element of its cause of action.

To establish that Robert Windsor, while acting within the course and scope of his employment, was guilty of wrongful or negligent conduct proximately causing the theft of the meat products, appellee relies on two documents purporting to be voluntary statements by Windsor to the police following his arrest for his alleged complicity in the thefts, and an affidavit of one Lester Hayes.

Without quoting the rather lengthy affidavit of Lester Hayes, we see that he does swear therein that he witnessed one of the thefts of meat products from Samuels' plant; and he recites several conversations he heard which tended to prove that "the gate guard Robert Windsor who was on duty at the front gate," connived with the thieves and permitted the thefts to occur. However, it contains nothing to indicate by whom Robert Windsor was employed. So far as we can tell from the affidavit, Windsor may have been employed by Samuels, or by appellant, or possibly by someone else.

Moreover, it should be remembered that subdivision (e) of Rule 166–A, T.R.C. P., requires that affidavits supporting motions for summary judgment "shall set forth such facts as would be admissible in evidence." This affidavit consists largely of conversations which the affiant says he had with Windsor and with the person he says was the thief. Since there was no showing made of Windsor's employment by appellant, all of these conversations would be hearsay as to him, and the conversation between Hayes and the supposed thief would be hearsay even as to Windsor. Therefore, the testimony would not be admissible in evidence, and if the conversations were removed from the affidavit it would not be proof of any fact pertinent to this controversy.

The two purported voluntary statements of Robert Windsor may not be considered as supporting the motion for summary judgment. In the first place, they are not either sworn or certified copies, as required by subdivision (e) of Rule 166–A, T.R.C.P. Moreover, in neither of them does Windsor identify himself as an employee or agent of appellant.

Appellee argues that the two statements by Windsor are admissible against appellant because they are admissions and declarations against interest. We cannot agree with appellee. Windsor is not a party to this suit. Therefore, evidence of his declarations or admissions would not be admissible as declarations or admissions of appellant unless it were shown that he was an agent or employee of appellant and that such declarations were made within the scope of the agency or employment, or within his authority as agent or employee, and in regard to an act or transaction pending at the time the statements, declarations or admissions were made. Missouri-Kansas-Texas R. Co., of Tex. v.

Salsman, 58 S.W.2d 1026, 1029 (Tex.Civ. App., Dallas 1933, writ dism'd); General American Life Ins. Co. v. Gant, 119 S.W. 2d 693, 696 (Tex.Civ.App., Austin 1938, writ dism'd). These statements were obviously made after Windsor was arrested and accused of the theft, and it could hardly be said that they were made within the scope and course of his employment by appellant, even if it had been shown that he was employed by appellant.

Appellee also contends that the two statements of Windsor were admissible as official written instruments under Vernon's Ann.Civ.St., Art. 3731a, citing Statler Hotels v. Herbert Rosenthal Jewelry Corp., 351 S.W.2d 579, 583 (Tex.Civ.App., Dallas 1961, writ ref'd n.r.e.). In that case the evidence in question consisted of a report of the Dallas Police Department showing that the loss of jewels was due to a well planned jewelry theft, and this court held that the evidence should have been admitted in evidence insofar as its contents were relevant under Art. 3731a, V.A.C.S., which provides in part:

> "Any written instrument, certificate, record, part of record, return, report, or part of report, made by an officer of this State or of any governmental subdivision thereof, or by his deputy, or person or employee under his supervision, in the performance of the functions of his office and employment, shall be, so far as relevant, admitted in the courts of this State as evidence of the matter stated therein, subject to the provisions in Section 3" (having to do with notice).

However, the statements of Windsor now under examination do not purport to be such documents as would come within that statute. Not only that, but they are not even certified by the Dallas Police Department, from whose files they were obviously copied.

Appellant called all of these defects in the appellee's documentary proof to the attention of the trial court by his motion to strike and his answer to the motion to summary judgment. The motion to strike was overruled and the summary judgment granted.

Appellee offered as its only proof of the amount of the loss sustained by Samuels the affidavit of one Kenneth B. White, a certified public accountant, who made an inventory examination at Samuels to determine the amount of the loss. Attached to the affidavit are copies of certain inventory records which White swears reflect "the adjusted dollar value of the inventory loss during such period to be in the amount of $5,876.01 as shown in the last column of Exhibit B." No evidence is offered of the theft of any certain kind, quality, quantity or value of meat products from Samuels. The accountant's findings of shortages in inventory, standing alone and unexplained, do not in our opinion constitute any evidence of loss by theft.

Therefore, for the reasons hereinabove given, we sustain all of appellant's points of error on appeal. The judgment is reversed and the case remanded to the district court for a trial.

Reversed and remanded.