Robert A. SHOUSE, Appellant,

v.

ANNUITY BOARD OF the SOUTHERN BAPTIST CONVENTION, Appellee.

No. 13–83–206–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 29, 1983.

Dan Pitzer, Duncanville, for appellant.

Lyman G. Hughes, Bruce W. Collins, Carrington, Coleman, Sloman & Blumenthal, Dallas, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

YOUNG, Justice.

This case is an appeal from the trial court's action of granting a summary judgment against appellant, Robert A. Shouse (plaintiff) and in favor of appellee, Annuity Board of the Southern Baptist Convention (defendant). We reverse.

According to the summary judgment evidence presented to the trial court on April 15, 1977, Dr. Shouse, a dentist, was informed by his landlord that he would have to vacate his office by December 31, 1977. In the summer of 1977, Dr. Shouse was contacted by Vann Gregory, an agent and employee of the Annuity Board regarding lease of space in Annuity Board's building. Various representations were made to Dr. Shouse by Gregory. Negotiations progressed and an agreement on terms was reached. A letter stating it was a lease agreement was signed on September 20, 1977. Plans for interior construction to meet Dr. Shouse's needs were drawn.

On September 23, 1977, the parties completed negotiations on a formal contract which apparently only lacked typing to be signed. Gregory told Dr. Shouse that the contract would be available for his signature in a few days. On Thursday, November 2, Gregory informed Dr. Shouse that the bids for the interior construction had been received and that the Annuity Board would approve the selection of the contractors at their meeting the next day. On Monday, November 7, 1977, Gregory informed Dr. Shouse that the formal lease would not be forthcoming because the Annuity Board considered the construction bids to be prohibitively expensive. Dr. Shouse was forced to find office space in another location.

Dr. Shouse sued for damages based on the less favorable lease terms, lost profits while his office was closed due to the time required to remodel the new office and loss of goodwill. Dr. Shouse's petition alleged four possible causes of action: 1) contract, 2) detrimental reliance, 3) fraud or misrepresentation, and 4) an action based on the Texas Deceptive Trade Practices Act. The Annuity Board's answer was a general denial.

Appellant's first ground of error attacks the sufficiency of the motion for summary judgment as conclusory and because no affidavits were attached.

Defendant filed a motion for summary judgment but no supporting affidavit. Pleadings are not proper summary judgment evidence. *Americana Motel, Inc. v. Johnson,* 610 S.W.2d 143 (Tex.1980). The evidence the trial court had before it on the motion for summary judgment was as follows: 1) appellant's deposition with exhibits, 2) appellant's affidavit with exhibits, and 3) the deposition of Vann Gregory. The substance of appellant's deposition and affidavit is essentially identical and is set forth above. The essence of Gregory's deposition is that he does not remember anything about the transaction. A motion for summary judgment may not be used to resolve the issue of whether pleadings fail to state a cause of action. *Massey v. Armco Steel Co.,* 652 S.W.2d 932 (Tex.1983). If that is the basis for the motion, the party must be given an opportunity to amend after special exceptions have been sustained before the cause can be dismissed. *Texas Department of Corrections v. Herring,* 513 S.W.2d 6 (Tex.1974).

In order to obtain a summary judgment, a defendant in a civil action must either file special exceptions and have them sustained and wait until plaintiff has had his opportunity to amend, *Massey* at 934, or provide evidence which affirmatively negates the plaintiff's case without raising a genuine issue of material fact. Tex. R.Civ.P. 166–A. In the case before us, appellee did neither. Therefore, we hold that the trial court erred in granting Annuity Board's motion for summary judgment.

We reverse the judgment of the trial court and remand the cause to the trial court for a trial on the merits.