Gene C. TRAYLOR, et al., Appellants,

v.

UNITEDBANK ORANGE, Appellee.

No. 09 82 124 CV.

Court of Appeals of Texas, Beaumont.

Aug. 23, 1984.

Rehearing Denied Sept. 19, 1984.

S.P. Dunn, Orange, for appellants.

Don M. Kennedy, Houston, for appellee.

## OPINION

McNICHOLAS, Justice.

This case, decided upon cross-motions for summary judgment, is a will contest involving a holographic will. The appellants, Gene Traylor, et al, appeal from the trial court judgment overruling their motion for summary judgment and granting appellee Unitedbank's motion for summary judgment.

A review of the facts is necessary for a clear understanding of this suit. In January of 1944, Annie Sells prepared a holographic will. She died in February 1945. In May 1946, her executors filed a suit for construction of the will in the district court of Orange County.

In their petition, the administrators alleged they could not carry out the duties imposed upon them by the will because of the ambiguities therein and the conflicting claims of the various parties in interest.

At the heart of the controversy are these two clauses of the will:

I would like to set aside as an educational loan fund my bank stock in the Orange National Bank. The dividend to be used to provide scholarships first to relatives or other boys or girls. I wish that $200.00 hundred dollars per year be given to missions, or where most needed to the First Methodist Church in Orange, Texas, the Pastor & Stewards as trustees.

My share in the Brown Paper Mill & other personal property, I desire to give equally to my brothers & sisters the in-

terest, thereof, to perpetuate a regular income to my brothers & sisters & to the present & coming generations of nieces & nephews. Leaving this in trust to G.M. Sells & Traylor A. Sells.

In the prayer for relief, the administrators requested the court, without specifically mentioning the bank stock, construe the will and "the rights of its parties, heirs and devisees thereunder be declared, the stock in the Brown Paper Mill Company, Inc., and the residue of the personal property of said testatrix be ordered distributed to the heirs at law...."

The district court found that the bequest of the "Brown Paper Mill Stock & other Personal property" violated the rule against perpetuity and further stated:

And the Court heard the pleadings, and received a certified copy of the will of Annie Sells, deceased, and heard arguments of attorneys representing both Plaintiff and Defendants, and in particular *duly considered that portion of the said will which provides as follows:*

'My share of the Brown Paper Mill & other personal property I desire to give equally to my brothers and sisters, the interest thereof to perpetuate a regular income to my brothers and sisters & to the present and coming generations of nieces and nephews. Leaving this in trust....'

.   .   .   .   .

It is therefore CONSIDERED, ORDERED, ADJUDGED and DECREED and DECLARED by this court

That the *considered portion* of the will of said Annie Sells devising her Brown Paper Mill stock and the residue of her personal property is void as attempting to create a perpetuity.

That all of the right, title and interest of the said Annie Sells or of her estate to stock in *the Brown Paper Mill Company, Inc., and to other undisposed of personal property* is hereby vested equally share and share alike in the heirs of the testator, George M. Sells, Mrs. George (Genie Sells) Call, W.R. Sells and

Mrs. Katerine Sells Traylor. (emphasis ours).

The following year, the administrtors put the bank stock in trust in appellee's predecessor bank. Then in either 1947 or 1948, a tax deficiency was assessed against the trust. The administrators petitioned the tax court for a redetermination of the deficiency. The federal tax court found the trust to be a public charitable trust and disallowed the deficiency.

It is the monies held in this trust, designated the "Annie Sells Trust", which appellants, the sole heirs of Annie Sells, are now claiming.

Appellants' position is that the entire will was construed by the 1946 judgment and therefore, the monies in the trust should be distributed, according to the judgment, to the heirs at law. Appellants have alternately claimed that the bequest failed to establish a public charitable trust and asked that the trust be set aside; however, this is not part of the appeal.

Appellee responded first by general denial and then by way of limitation, res judicata, estoppel, waiver and laches in their amended answer and in their motion for summary judgment.

I. The Summary Judgment Procedure

The summary judgment procedure, which is used to pierce the pleadings and determine the existence of any triable issues of fact, exists by virtue of *TEX.R. CIV.P. 166–A*, and is available to both parties.

■ A *plaintiff-movant* must show that he is entitled to prevail on each and every element of his cause of action and when he has successfully shown he is entitled to judgment he will prevail. A *defendant-movant* will prevail on a motion for summary judgment where one, he is able to disprove at least one element of plaintiff's theory of recovery, or two, he pleads and conclusively establishes each essential element of an affirmative defense thereby precluding the plaintiff's cause of action.

■ Where both parties move for summary judgment, the standard of review

must be stringent. Each party has the burden of clearly proving his right thereto and neither party can prevail simply by the other party's failure to discharge his burden. *Tigner v. First National Bank*, 264 S.W.2d 85 (Tex.1954).

## II. Appellant-Plaintiff's Motion for Summary Judgment

■ A plaintiff who is under the burden at all times of establishing the essential elements of its asserted cause of action by a preponderance of the evidence, assumes the additional burden, by moving for summary judgment, of showing that there is no genuine issue of fact and that it is entitled to the judgment prayed for as a matter of law. *Risinger v. Fidelity and Deposit Co. of Maryland*, 437 S.W.2d 294 (Tex.Civ.App. —Dallas 1969, no writ).

In support of their summary judgment motion, appellant's relied on the pleadings, the 1946 judgment, admissions and the deposition of T.D. Sells, a co-executor of Annie Sells' will, to show that the 1946 judgment construed the entire will of Annie Sells and that therefore, the monies held in the trust should be distributed to them as the sole heirs.

■ In determining the correctness of a court's ruling on a motion for summary judgment, it is the duty of the reviewing court to accept as true the non-movant's version of the facts and the court must make every reasonable inference in the non-movant's favor. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952).

■ Appellee contends that the district court judgment only construed the Brown Paper Mill stock bequest. Reviewing the 1946 judgment, we can infer that only the Brown Paper Mill stock was considered. The appellants failed to prove a cause of action upon which they could prevail and thus, the trial court was correct in denying appellants' motion for summary judgment.

## III. Appellee-Defendant's Motion for Summary Judgment

A defendant's motion for summary judgment may be granted upon a clear demonstration by the record that plaintiff's claim is barred, as a matter of law, by an affirmative defense.

■ Appellee claims that appellants' suit is barred by the statutes of limitations contained in *TEX.REV.CIV.STAT.ANN. arts. 5529 and 5534* (Vernon 1958). *Article 5534* allows a party in interest to contest a will "within four years after such will shall have been admitted to probate, and not afterwards." *Article 5529* states that every action for which no other limitation is prescribed "shall be brought within four years."

We hold that appellants' suit, whether a will construction suit or otherwise, is barred by the limitation periods set out above.

■ Additionally, appellee claims that "plaintiffs are estopped in their claim by the acceptance of benefits under the Will." The deposition of T.D. Sells clearly shows that all but two of the nieces and nephews have received benefits from the trust. It seems clear that one cannot accept benefits under a trust and then contest the validity of the will creating the trust. *Trevino v. Turcotte*, 564 S.W.2d 682 (Tex.1978).

We note that although a plaintiff, generally has *no* burden to disprove a defendant-movant's affirmative defense, the Texas Supreme Court has stated that a plaintiff is required to state such matters which would prevent such defenses from precluding his cause of action when the movant has conclusively established his defense. *"Moore" Burger, Inc. v. Phillips Petroleum Company*, 492 S.W.2d 934 (Tex.1972); *Torres v. Western Casualty*, 457 S.W.2d 50 (Tex. 1970); Hittner, *Summary Judgments in Texas*, 35 Baylor L.Rev. 207, 225 (1983). Appellant has failed to do this.

As appellee has successfully precluded appellants' claim, the trial court's granting of defendants' motion for summary judgment is correct. Appellants' second point of error is overruled and the trial court judgment is

AFFIRMED.