**Jo Ann ROBERTSON, Individually and as Personal Representative of the Estate of James J. Robertson, Deceased, and as Next Friend of Elizabeth Robertson and Becky Robertson, Minors, Appellants,**

v.

**GROGAN INVESTMENT COMPANY, d/b/a the Gun Store and the Gun & Tackle Store, Appellee.**

No. 05–85–00570–CV.

Court of Appeals of Texas, Dallas.

April 16, 1986.

Darrell Panethiere, Dallas, for appellants.

John E. Phillips, P. Michael Jung, Randal Mathis, Dallas, for appellee.

Before STEPHENS, McCLUNG and McCRAW, JJ.

McCLUNG, Justice.

Does the allegation that "the sale of handguns ... to the general public is an abnormally dangerous and ultrahazardous activity" state a cause of action for strict liability under the laws of the State of Texas? We hold that it does not. On that ground we affirm the trial court's order dismissing appellants' cause of action for failure to state a claim.

This is a wrongful death action by the statutory survivors and estate of James J. Robertson. In December 1980, Robertson purchased a handgun from appellee Grogan Investment Company. A year-and-a-half later, Robertson committed suicide using that handgun. Appellants do not allege that the handgun was defective, that it malfunctioned, or that its sale was illegal or negligent. The purported cause of action is that Grogan is strictly liable for the harm resulting from the sale of handguns to the general public because the sale of firearms, like the handgun in question, "is an abnormally dangerous and ultrahazardous activity." Appellants, relying on sections 519 and 520 of the Restatement (Second) of Torts (1977), argue that Grogan "having chosen to engage in this abnormally dangerous and ultrahazardous activity is subject to strict liability for the harm resulting from these activities."

Sections 519 and 520 of the Restatement state:

[519] (1) One who carries on an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm.

(2) This strict liability is limited to the kind of harm, the possibility of which makes the activity abnormally dangerous.

[520] In determining whether an activity is abnormally dangerous, the following factors are to be considered:

(a) existence of a high degree of risk of some harm to the person, land or chattels of others;

(b) likelihood that the harm that results from it will be great;

(c) inability to eliminate the risk by the exercise of reasonable care;

(d) extent to which the activity is not a matter of common usage;

(e) inappropriateness of the activity to the place where it is carried on; and

(f) extent to which its value to the community is outweighed by its dangerous attributes.

Texas, of course, has not adopted these sections of the Restatement. In fact, Texas courts, when confronted with the opportunity to apply strict liability for ultrahazardous activities, have declined to do so and have consistently required some other showing, such as negligence or trespass, for recovery. *See, e.g., Turner v. Big*

*Lake Oil Co.,* 128 Tex. 155, 96 S.W.2d 221, 222 (1936); *Zimmermann v. Strickland,* 483 S.W.2d 541, 548 (Tex.Civ.App.—Texarkana 1972, writ ref'd n.r.e.); *Roskey v. Gulf Oil Corp.,* 387 S.W.2d 915, 919 (Tex. Civ.App.—Houston 1965, writ ref'd n.r.e.); *Klostermann v. Houston Geophysical Co.,* 315 S.W.2d 664, 665 (Tex.Civ.App.—San Antonio 1958, writ ref'd); *Dellinger v. Skelly Oil Co.,* 236 S.W.2d 675, 677 (Tex. Civ.App.—Eastland 1951, no writ); *Stanolind Oil & Gas Co. v. Lambert,* 222 S.W.2d 125, 126 (Tex.Civ.App.—San Antonio 1949, no writ); *but cf. Marshall v. Ranne,* 511 S.W.2d 255, 258 (Tex.1974) (adopted strict liability for damages caused by vicious or wild animals, applying Restatement (Second) of Torts sections 507 and 509).

The proposition that the manufacture or sale of a handgun is an ultrahazardous activity giving rise to strict liability has been rejected in every case in which it has been considered. *See, e.g., Perkins v. F.I.E. Corp.,* 762 F.2d 1250, 1268 (5th Cir. 1985) (Louisiana law); *Martin v. Harrington & Richardson, Inc.,* 743 F.2d 1200, 1203–04 (7th Cir.1984) (Illinois law); *Kelley v. R.G. Industries, Inc.,* 304 Md. 124, 497 A.2d 1143, 1147 (1985); *Burkett v. Freedom Arms, Inc.,* 299 Or. 551, 704 P.2d 118, 122 (1985); *Riordan v. International Armament Corp.,* 132 Ill.App.3d 642, 87 Ill. Dec. 765, 769, 477 N.E.2d 1293, 1297 (App. Ct.1985). It would appear, therefore, that even if the ultrahazardous-activity doctrine, as enunciated in the restatement, existed in Texas, it would not apply to the present case.

In effect, appellants are requesting this court not only to recognize a new cause of action under sections 519 and 520 of the Restatement but also to extend the application of these sections beyond that recognized by those states where the ultrahazardous-activity doctrine is well established. This we decline to do.

 We recognize that we are not bound to deny relief simply because the question before us has never been decided. *See Sims v. Century Kiest Apartments,* 567 S.W.2d 526, 533 (Tex.Civ.App.—Dallas

1978, no writ) (creating a new cause of action for retaliatory eviction). Quite often the extension of common law doctrine is left to the court of last resort by the intermediate courts. *McKisson v. Sales Affiliates, Inc.,* 416 S.W.2d 787, 791 (Tex.1967). We conclude that the recognition of a new cause of action under the present facts is a task best left to the Legislature.

The trial court's order dismissing appellants' cause of action for failure to state a claim is affirmed.