**Mary TATUM and Charles Tatum, Appellants,**

v.

**Eddie Wayne HUDDLESTON, Appellee.**

**No. 9444.**

Court of Appeals of Texas,
Texarkana.

May 20, 1986.

Rehearing Denied June 24, 1986.

Leslie Echols, Cornett & Echols, Paris, for appellants.

Stephen W. Johnson, Stollenwerck, Moore & Silverberg, Dallas, for appellee.

CORNELIUS, Chief Justice.

Mary and Charles Tatum appeal from a take nothing judgment in their negligence suit against Eddie Wayne Huddleston. Trial was to a jury which found that Huddleston was negligent in failing to keep a proper lookout, but that his negligence *was not* a proximate cause of the incident in question, and that Mr. and Mrs. Tatum suffered *no compensable damages.* The Tatums complain that the trial court erred in failing to grant them a new trial because there is no evidence to support the jury's findings that Huddleston's negligence was not a proximate cause of the incident in question, and that the jury's answers failing to find damages were so against the great weight and preponderance of the evidence as to be manifestly unjust.

On June 7, 1983, Charles and Mary Tatum pulled into the Washington Street Grocery to purchase soft drinks and cigarettes. While Mr. Tatum went into the store Mrs. Tatum remained in the front seat of the passenger side of the car. While she was alone in the car Huddleston backed out of his space in the parking lot and backed into the Tatums' automobile.

In points of error two through six Mr. and Mrs. Tatum maintain that the jury's answers to the damage issues are against the great weight and preponderance of the evidence. The issues were:

### SPECIAL ISSUE NO. 4

Find from a preponderance of the evidence what sum of money, if any, if paid now in cash, would fairly and reasonable compensage (sic) MARY TATUM for her injuries, if any, resulting from the occurrence in question.

You are to consider each element of damage separately, so as not to include damages for one element in any other element.

Do not include any amount for any condition not resulting from the injuries, if any, which resulted from the occurrence in question.

Answer separately in dollars and cents, if any, with respect to each of the following elements:

a. Physical pain and mental anguish in the past.

ANSWER: 0

b. Physical pain and mental anguish that, in reasonable probability, she will suffer in the future.

ANSWER: 0

c. Loss of earning capacity that, in reasonable probability, she will sustain in the future.

ANSWER: 0

d. Physical impairment in the past.

ANSWER: 0

e. Physical impairment that, in reasonable probability, she will suffer in the future.

ANSWER: 0

f. Medical expenses necessarily incurred in the past.

ANSWER: 0

### SPECIAL ISSUE NO. 5

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate CHARLES TATUM, MARY TATUM's husband, for her injuries, if any, which you find from a preponderance of the evidence resulted from the occurrence in question?

You may consider the following elements of damages, if any, and none other:

a. Loss of her household services in the past.

b. Loss of her capacity to perform household services which, in reasonable probability, will be sustained in the future.

ANSWER IN DOLLARS AND CENTS, IF ANY.

ANSWER: 0

 It is clear that the jury found that Mrs. Tatum suffered no compensable injury as a result of the collision. The Tatums had the burden of proof on those issues, and the jury's negative answers need not be supported by affirmative evidence. Contrary to expressions found in many Court of Appeals decisions,[1] however, the Tatums may successfully challenge the jury's answers if either the facts were established as a matter of law, or the jury's failure to find those facts is against the great weight and preponderance of the evidence. *Traylor v. Goulding*, 497 S.W.2d 944 (Tex.1973).

The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. It may believe all, part, or none of the testimony of the witnesses, and may disbelieve a witness though he or she is neither impeached nor contradicted. *McInnes v. Yamaha Motor Corp., U.S.A.*, 659 S.W.2d 704 (Tex.App.—Corpus Christi 1983), *aff'd on other grounds*, 673 S.W.2d 185 (Tex.1984), *cert. denied,* — U.S. —, 105 S.Ct. 782, 83 L.Ed.2d 777 (1985); *Blackmon v. Piggly Wiggly Corporation*, 485 S.W.2d 381 (Tex. Civ.App.—Waco 1972, writ ref'd n.r.e.).

 There was no objective evidence that Mrs. Tatum was injured in the accident, so the rule that damages must be awarded if an injury is established is not applicable. Since Mrs. Tatum had suffered previous injuries to the areas of her body she claimed were injured in this accident, the parked car in which she was sitting was struck at a very low rate of speed, her testimony at trial was inconsistent, and she failed to complain of any injury at the time of the accident, we cannot conclude that the jury's failure to find damages is against the great weight and preponderance of the evidence.

As our resolution of points of error two through six is dispositive of this appeal we need not discuss point of error one.

The judgment of the trial court is affirmed.

1. See cases listed in 24 Tex.Dig.2d. *Evidence* 586(1), 586(2) (West 1983).