**VALLEY INDUSTRIES, INC.,**
**Appellant,**

v.

**James and Margie COOK, Individually**
**and on Behalf of the Estate of James**
**Lex Cook, Deceased, Appellees.**

**No. 05–87–01185–CV.**

Court of Appeals of Texas,
Dallas.

Dec. 27, 1988.

Rehearing Denied Feb. 13, 1989.

Michael V. Powell, David G. McCracken, Cynthia Keely Timms, Dallas, for appellant.

Charles McGarry, Linda Turley, Dallas, for appellees.

Before DEVANY, McCLUNG and LAGARDE, JJ.

DEVANY, Justice.

Valley Industries, Inc., appellant, appeals the trial court's judgment in favor of James and Margie Cook, Individually and on behalf of the estate of James Lex Cook, Deceased, appellees. This suit arose when James and Margie Cook sued Valley Industries, Inc., and Norman Clarence Winters for the wrongful death of their son, James Cook. James Cook was driving a borrowed Buick Skyhawk in heavy traffic on Houston's Southwest Freeway when he was hit from the rear by a Cadillac traveling in excess of 50 miles per hour driven by Winters. The Cadillac struck the trailer hitch of the Skyhawk, driving it into the gas tank of the Skyhawk. The trailer hitch was manufactured by Valley Industries, Inc. An explosion and fire ensued. James Cook was killed either upon impact or by the resulting fire. The Cooks filed a wrongful death action against both Winters and Valley Industries, Inc.

At trial the jury attributed liability for the death of James Cook as follows: 70 percent to Norman Clarence Winters for his negligence, and 30 percent to Valley Industries, Inc., for its failure to give adequate warnings and instructions for the safe use of the trailer hitch which it manufactured.

Valley Industries, Inc. (Valley) has filed this appeal and raises several points of error concerning the actions of the trial court. We shall address Valley's sixth point of error which states that the trial court erred in admitting testimony of a "surprise" expert witness because the witness was not designated prior to trial. We hold that the trial court erred in admitting such testimony of the expert because the expert was not designated prior to the trial and no good cause existed to allow the testimony of the "surprise" witness. Accordingly, we reverse the judgment of the trial court and remand this case for a new trial.

The record indicates by inferences only that prior to trial the parties entered into an agreement which was not included in the record. The inferences in the record, the Cooks maintain, indicate that the Cooks

agreed they would not present evidence of James Cook's pain and suffering at trial, and that in exchange Valley agreed that the cause of James Cook's death was by fire. However, during trial there were numerous arguments between counsel as to whether the agreement took place and as to what it contained. Throughout the trial the court allowed the inferences that there was an agreement, but, near the end of the trial, the parties argued for the fifth time about the contents of the agreement. At that point in the proceedings, the court then stated that "whatever the agreement was was not clear enough to stand; therefore, we have no agreement ..." and the court refused to recognize any agreement between the parties.

Crucial to our determination is that during the Cooks' presentation of their case, they called a Mr. Arndt, an engineer, as an expert witness who was previously properly designated. On direct examination of Arndt, the Cooks were allowed to introduce an autopsy report through Arndt from the Harris County Medical Examiner's Office. The report stated that James Cook died by fire.

During cross-examination of Arndt about the report, Valley developed the possibility that James Cook *may not* have died by fire. The following testimony occurred:

Q. Now, yesterday, you talked about having reviewed the autopsy, and I believe that in your deposition, you described it as being a curious autopsy; is that correct?

A. That's correct.

Q. Now, did you notice in the autopsy that the evaluation of the lungs and the breathing mechanism, the throat—did you make any notation of what was recorded there?

A. Yes, if I recall.

Q. And do you recall that there was no indication that any smoke, carbon monoxide or any carbon materials were within the breathing mechanism?

A. That's correct.

Q. And that would indicate that none of the smoke or carbon materials were breathed in, wouldn't it?

A. That means that there was no inhalation of any consequence during the ensuing fire.

Q. And that also means that if there is no inhalation of consequence that, therefore, there was no breathing; isn't that correct, sir?

A. That's correct.

This testimony that James Cook did not die by fire was contrary to the alleged off-the-record agreement entered into by the parties that James Cook's death was caused by the fire, but the Cooks did not object to this cross-examination.

When the Cooks rested, they reserved the right to call a rebuttal witness over the objection of Valley. In the middle of Valley's defense, the Cooks requested permission to introduce their rebuttal witness, a Dr. Gilliland of the Dallas County Coroners' Office, to rebut the cross-examination testimony of Arndt, their engineer, on the issue of the cause of death. However, Dr. Gilliland had not been designated as an expert witness prior to trial. The Cooks claimed that they did not designate Dr. Gilliland as an expert witness before trial because they believed that they had an agreement with Valley and, therefore, did not know they would need a witness to testify as to the cause of death of James Cook. The court allowed the Cooks to introduce Dr. Gilliland as a surprise rebuttal witness. Valley had no opportunity for discovery of Dr. Gilliland prior to her testimony.

■ It is obvious from a reading of the record that no valid agreement existed between the parties. No agreement was entered into the record, the parties could not agree during trial what the agreement was, and the court concluded that there was no agreement. Texas Rule of Civil Procedure 11 states:

No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

■ Since there were no stipulations in the record as to the agreement and the parties continually argued as to the content of the agreement, the trial court wisely ruled that there was no agreement between the parties. The facts fully support the court's decision. Furthermore, at the point in the trial when Valley cross-examined Arndt and supposedly breached the agreement by delving into the cause of death, the Cooks failed to object; thus they waived any claim that an agreement existed and waived any complaint that they had a pre-trial agreement on the cause of death. Under Texas Rule of Appellate Procedure 52:

In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds are not apparent from the context. It is also necessary for the complaining party to obtain a ruling on the party's request, objection or motion.

Therefore, we hold that the trial court correctly ruled that the parties had no agreement as to the cause of death prior to trial.

■ Valley contends on appeal that the trial court committed reversible error by permitting the Cooks to present Dr. Gilliland as a rebuttal witness who had not been previously identified as an expert on the Cooks' trial witness list which had been properly requested. The identity of expert witnesses must be disclosed no later than thirty days prior to the beginning of trial. Tex.R.Civ.P. 166b(2)e, 166b(6)b. Inasmuch as the Cooks failed to properly identify Dr. Gilliland pursuant to discovery requests, Dr. Gilliland's testimony should not have been allowed by the trial court without a showing of good cause by the Cooks. *Gutierrez v. Dallas Independent School Dist.*, 729 S.W.2d 691, 693 (Tex.1987). Failure to comply with this rule results in the loss of the opportunity to offer the witness's testimony. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 297–98 (Tex.1986); *Galvin v. Gulf Oil Corp.*, 759 S.W.2d 167 (Tex. App.—Dallas 1988, n.w.h.). The sanction is

automatic. *Id.* The exception to the rule is when good cause is shown why the testimony should be allowed in spite of the discovery sanction. Tex.R.Civ.P. 215(5); *Morrow* at 298. The burden of showing good cause as to why a witness was not designated rests with the party seeking to call the witness. *Gutierrez v. Dallas Independent School Dist.*, 729 S.W.2d 691, 694 (Tex.1987); *Yeldell v. Holiday Hills Retirement & Nursing Center*, 701 S.W.2d 243, 247 (Tex.1985). Determination of good cause is within the sound discretion of the trial court. That determination can only be set aside if discretion was abused. *Smithson v. Cessna Aircraft Co.*, 665 S.W. 2d 439, 442 (Tex.1984); *Morrow* at 298.

In the instant case, the Cooks had the burden of showing good cause as to why they should be allowed to bring Dr. Gilliland as a "surprise" witness. The Cooks' showing of good cause relied on the fact that they were surprised by the cross-examination of their witness Arndt on the issue of the cause of death when an agreement existed between the parties that the cause of James Cook's death was fire. The trial court determined this to be good cause, in contradiction of its subsequent finding that no agreement existed, and allowed Dr. Gilliland to testify. We hold that this was error.

■ This court may set aside a trial court's determination only if the trial court abused its discretion. We must look to see if the court acted without reference to any guiding rules and principles. *Morrow* at 298. At the time the trial court allowed Dr. Gilliland to testify, it was of the opinion that an agreement existed between the parties. However, as discussed above, no agreement existed, which the trial court later recognized. Therefore, the court acted without reference to the guiding principle set forth in rule 11 and thus the court abused its discretion. Later in the trial, the court attempted to rectify its abuse by declaring the agreement invalid, but the testimony of the "surprise" witness was already on the record and its damage to Valley was not rectified.

Furthermore, it is well established under Texas law that a judgment may not be reversed and a new trial ordered on the ground that the trial court has committed an error of law unless the appellate court believes the error amounted to such a denial of appellant's rights as was reasonably calculated to cause and probably did cause rendition of an improper judgment. Tex.R. App.P. 81(b)(1); *Gannett Outdoor Co. of Tex. v. Kubeczka*, 710 S.W.2d 79, 85 (Tex. App.—Houston [14th Dist.] 1986, no writ).

■ In this case, the complaining party, Valley, has established reversible error to this Court's satisfaction. The trial court, relying on a nonexistent agreement, allowed the surprise expert witness, Dr. Gilliland, to testify as to the cause of death. Valley had no opportunity to conduct discovery of the doctor. Dr. Gilliland's testimony was contradictory to the damaging cross-examination of the Cooks' expert, Arndt, and most likely caused an improper judgment against Valley.

■ The Cooks have compared this case to *Gannett Outdoor Co. of Tex. v. Kubeczka, supra. Gannett* involved the calling of a surprise rebuttal expert witness at trial to refute false testimony introduced in the opponent's case-in-chief. The instant case differs from *Gannett* in several respects. First, the testimony given by the expert, Arndt, was not false. Secondly, Arndt was the witness of the Cooks and it was the cross-examination of Arndt that produced the damaging testimony to refute the Cooks' theory that James Cook died as a result of fire caused by the trailer hitch, manufactured by Valley, striking the gas tank. Arndt was the Cooks' own witness. Thirdly, rebuttal evidence is evidence given to disprove facts given in evidence by *an adverse party.* BLACK'S LAW DICTIONARY, 1139 (5th ed. 1979). Therefore, since Arndt was the Cooks' witness, Dr. Gilliland was not a rebuttal witness, but was used to prove an essential element of the Cooks' case, to-wit: that James Cook died in the fire. Because of these basic differences, we distinguish *Gannett* from the present case. We hold that no good

cause was shown to permit the testimony of Dr. Gilliland.

We reverse the judgment of the trial court and remand the case for a new trial.

LAGARDE, Justice, concurring.

Although I concur in the result reached by the majority, I do not necessarily concur in all of the reasoning expressed in the opinion. I would reverse for two reasons.

First, although the majority fails to set this fact out, the rule requiring the designation of experts more than thirty days prior to trial does apply to expert witnesses used for rebuttal. *See Ellsworth v. Bishop Jewelry,* 742 S.W.2d 533, 534 (Tex.App.—Dallas 1987, writ denied); *Greenstein v. Burgess,* 744 S.W.2d 170, 178–79 (Tex.App.—Waco 1987, writ denied); *See also Missouri–Kansas–Texas R.R. v. Alvarez,* 703 S.W.2d 367, 371 (Tex.App.—Austin 1986, writ ref'd n.r.e.). Since Dr. Gilliland was not listed in Cook's original or supplemental answers to Valley's interrogatories as an expert witness that Cook intended to call, Dr. Gilliland should not have been allowed to testify, over objection, absent a showing of good cause. *See Ellsworth,* 742 S.W.2d at 534. Assuming, without deciding, that the trial court made an implicit finding of good cause for failure to designate Dr. Gilliland, based on the alleged agreement, I conclude that the trial court abused its discretion in finding good cause on that basis because it ultimately determined that there was no agreement. Consequently, I am of the opinion that the error complained of amounted to such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment. TEX.R.APP.P. 81(b)(1).

Second, rebuttal must be limited to those issues which were placed in conflict by the adverse party's evidence during it's case in chief. *Greenstein v. Burgess,* 744 S.W.2d at 179; *see Ayers v. Harris,* 77 Tex. 108, 13 S.W. 768, 773 (1890); TEX.R.CIV.P. 265(f). The issue that the deceased died prior to the fire was not placed in issue by the adverse party, Valley Industries, during its case in chief. Therefore, the court erred in admitting rebuttal testimony on that issue. I am of the opinion that this error amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment. TEX.R.APP.P. 81(b)(1). Consequently, the judgment of the trial court should be reversed and the case remanded for a new trial.