**Linda Marie Freeman DIGGLES, Individually and as Next Friend of the Minor Child, Eddie Diggles, Appellants,**

v.

**Phillip HORWITZ, Individually and d/b/a Phillip's Pawn Shop and Raven Arms, Inc., Appellees.**

**No. 09–87–192–CV.**

Court of Appeals of Texas, Beaumont.

Jan. 26, 1989.

Rehearing Denied Feb. 15, 1989.

George M. Jamail, Wendell C. Radford, Beaumont, for appellants.

David Gaultney, Beaumont, Marc A. Sheiness, Houston, Garland F. Henley, Michael D. Curry, Houston, for appellees.

## OPINION

BURGESS, Justice.

This is a personal injury case involving a suicide in which a summary judgment was granted for the defendants. Claude Diggles had a history of mental problems and, in early March 1984, was committed to a local mental health facility. On the morning of March 19, he left the facility and went to Phillip's Pawn Shop. He purchased a .25 caliber Raven Arms semi-automatic pistol. A short time later he returned to the shop and asked to purchase ammunition. Although the pawn shop did not sell ammunition, the owner gave him five rounds. Diggles left the shop and committed suicide by shooting himself with the gun he purchased. Appellant filed suit against the Mental Health–Mental Retardation facility, Phillip Horwitz, the pawn shop owner, and the gun manufacturer. All defendants answered and filed motions for summary judgment. Summary judgment was granted in favor of all defendants and appellant appeals as against Horwitz and Raven Arms.

## THE HORWITZ SUMMARY JUDGMENT

Horwitz moved for summary judgment upon the following bases:

(1) Diggles' death was a suicide and his intentional act was the sole cause of his death,

(2) A retailer has no duty to control the improper use of a firearm,

(3) The retail sale of a firearm does not create a nuisance or a dangerous environment,

(4) The allegations of creating a nuisance and dangerous environment constitute a non-justiciable political question, are matters solely within the legislative prerogative, and, if upheld, would constitute a violation of the doctrine of separation of powers and an unconstitutional exercise of police powers and would violate the second amendment of the United States Constitution (right to bear arms), and

(5) The allegations can form no basis for recovery because no defect in the product is alleged.

Summary judgments must stand on their own merits, and a non-movant's failure to answer cannot supply, by default, summary judgment proof necessary to establish a movant's right. *Lee v. McCormick*, 647 S.W.2d 735, 738 (Tex.App.—Beaumont 1983, no writ). A defendant moving for summary judgment has the burden of showing there are no material issues of fact as to all elements of his affirmative defense. *Traylor v. United Bank Orange*, 675 S.W.2d 802, 804 (Tex.App.—Beaumont 1984, writ ref'd n.r.e.). Suicide as the sole cause is an affirmative defense under *TEX. CIV.PRAC. & REM.CODE ANN. sec. 93.-001* (Vernon Supp.1989). This is consistent with our supreme court's holding in *Exxon Corp. v. Brecheen*, 526 S.W.2d 519, 524 (Tex.1975) where the court recognized the general rule that suicide constitutes an intervening force that breaks the line of causation from the wrongful act to the death. The court however, also adopted the RESTATEMENT (SECOND) OF TORTS sec. 455 (1965) which modifies suicide as an absolute bar. Although Horwitz alleges the affirmative defense in his motion, he cites no authorities nor any summary judgment proof in his brief in support of the motion. The motion must be supported by its own summary judgment proof. *Chandler v. El Paso Nat'l Bank*, 589 S.W.2d 832, 835 (Tex.Civ.App.—El Paso 1979, no writ). The motion for summary judgment is only a pleading, *Barrow v. Jack's Catfish Inn*, 641 S.W.2d 624 (Tex.App.—Corpus Christi 1982, no writ), and pleadings do not constitute proper summary judgment evidence, *Shouse v. Annuity Bd. of the S. Baptist Convention*, 663 S.W.2d 163 (Tex. App.—Corpus Christi 1983, no writ). Likewise, he did not urge this as a possible ground for the granting of the summary judgment in his brief to this court. He presented no argument, no authorities, nor pointed out any summary judgment proof. Thus, the summary judgment cannot be sustained on this ground.

▮ Appellant argues there are fact issues relating to both ordinary negligence and strict liability. We agree as to ordinary negligence. There are fact issues as to whether selling the gun and giving the ammunition to the deceased was negligence. We do not agree as to the strict liability. Appellant's strict liability theory is based upon an ultrahazardous activity and a failure to warn the seller as to the dangers of the product. The definition of "unreasonably dangerous" was not extended to include a consideration of marketing techniques in *Clancy v. Zale Corp.*, 705 S.W.2d 820 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). The manufacture or sale of a handgun has not been recognized as an ultrahazardous activity in Texas. *Robertson v. Grogan Inv. Co.*, 710 S.W.2d 678 (Tex.App.—Dallas 1986, no writ) and *Ellsworth v. Bishop Jewelry & Loan Co.*, 742 S.W.2d 533, 536 (Tex.App.—Dallas 1987, writ denied).

## THE RAVEN ARMS SUMMARY JUDGMENT

Raven Arms moved for summary judgment upon the following bases:

(1) Diggles' death was a suicide and his intentional act was the sole cause of his death, thus no act by Raven could be a proximate cause,

(2) Raven Arms had no duty to warn of dangers which are obvious and commonly known,

(3) Raven Arms had no duty to control the improper use of firearms,

(4) All those nuisance and dangerous environment grounds urged by Horwitz, and

(5) No defect is alleged.

▮ Raven Arms presented no summary judgment evidence on the affirmative defense of suicide as a sole cause. Thus, the summary judgment cannot be upheld on this basis. It can, however, be upheld on another basis. There was summary judgment evidence that all Raven Arms did was manufacture the handgun and deliver it to a wholesaler who sold it to Horwitz. The sale of the handgun is not an ultrahazardous activity, *Ellsworth*, 742 S.W.2d at 536.

Appellant contends that Raven Arms breached its duty to warn sellers of the hazards of selling handguns. However, there is no duty to warn of hazards which are obvious or actually known. *Hagans v. Oliver Mach. Co.*, 576 F.2d 97 (5th Cir. 1978). Raven Arms submitted Horwitz' deposition wherein he testified he knew of the dangers of handguns, he knew he should exercise extreme caution in selling handguns, and he knew not to sell guns to someone who was intoxicated, insane or acting strangely. Raven Arms, in its motion for summary judgment, has shown, as a matter of law, no duty it breached.

The summary judgment as to Horwitz is reversed. The summary judgment as to Raven Arms is affirmed.

AFFIRMED IN PART, REVERSED IN PART.

BROOKSHIRE, Justice concurring.

The writer readily and cordially concurs in the disposition of the case made by the Court as to Raven Arms, Inc. Tragically, Claude Diggles committed suicide on March 19, 1984. The posture of the appeal is this: The Appellants filed no written response to Raven Arms, Inc.'s amended motion for summary judgment. The Appellants had made several allegations in their petition that Raven Arms, Inc., was liable, generally, under products liability laws.

The Appellants' posture on appeal is that the handgun in question was unreasonably dangerous for lack of warnings. That is the only contention that the Appellants assert here. No effective, efficient challenge is made by the Appellants to any of the other grounds asserted by Raven Arms, Inc.'s amended motion for summary judgment which would entitle the Arms company to summary judgment. No other legal theory of recovery or cause of action is advanced against Raven Arms, Inc., in this appeal other than that the handgun was rendered an unreasonably dangerous handgun solely for the lack of warning.

There is no dispute that the Appellants' decedent, Claude Diggles, met his death as a result of a self-inflicted pistol shot wound. The pistol used by Claude Diggles functioned as a handgun or pistol normally functions when it is loaded and, thereafter, the trigger is pulled. When Mr. Diggles purchased the handgun he appeared altogether normal, or as normal as anyone, and he appeared very calm. He stated that he wanted the handgun for the protection of his home. The retail seller of this handgun did not purchase it directly from Raven Arms, Inc. The handgun was not sold in a loaded condition.

The granting of the summary judgment for Raven Arms, Inc., was correct inasmuch as Mr. Claude Diggles' act of suicide was an intervening act for which the Arms company was not liable, under this record, as a matter of law. The rule in Texas is well established that an intentional suicide is an intervening act which breaks the line of causation or the causal connection between an allegedly wrongful act and the death of the decedent in a suit for wrongful death. *See Exxon Corp. v. Brecheen*, 526 S.W.2d 519 (Tex.1975). In *Exxon, supra*, the Texas Supreme Court wrote, at page 523:

> "Where an action is brought under a wrongful death statute the general rule is that suicide constitutes an intervening force which breaks the line of causation from the wrongful act to the death and therefore the wrongful act does not render defendant civilly liable...."

But if a certain wrongful act, or acts, produces a rage or frenzy whereby the person committing suicide was so devastatingly injured by the defendant's wrongful acts and, thereafter, destroys himself or herself during such rage which resulted in an uncontrollable impulse, then the wrongful act or actions of the defendant may be considered in the correct case as within the line of causation from the defendant's wrongful acts and actions to the suicide. That is simply not our case here. This appeal definitely falls within the general rule. It is glaringly clear that Raven Arms, Inc., did not cause a mental illness nor did it cause a rage nor did it cause a frenzy nor did it bring about an uncontrollable impulse. Hence, Raven Arms, Inc., is

simply not liable for Mr. Diggles' tragic suicide; Raven Arms, Inc., was entitled to the summary judgment. See *TEX.CIV. PRAC. & REM.CODE ANN. sec. 93.001* (Vernon Supp.1989).

Furthermore, Raven Arms, Inc., as a manufacturer, and solely in the role of a manufacturer, does not have a duty to warn when any plain and ordinary dangers are obvious and are actually known to the injured person involved. *Hagans v. Oliver Mach. Co.*, 576 F.2d 97 (5th Cir.1978); *Metal Window Products Co. v. Magnusen*, 485 S.W.2d 355 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.); RESTATEMENT (SECOND) OF TORTS, Sec. 402A, comment j (1965). Also, a warning is not required in the case where the user has special knowledge or sufficient knowledge or experience or expertise concerning the product's ordinary dangers. *Martinez v. Dixie Carriers, Inc.*, 529 F.2d 457 (5th Cir.1976). Mr. Diggles was not ignorant of the potentialities of the handgun. A warning by the Arms company, under this record, would have been of no effect. In fact, the pistol involved, being a .25 caliber weapon was not defective, nor was it unreasonably dangerous. RESTATEMENT (SECOND) OF TORTS, Sec. 402A, comments i.j.. *See*, generally, *Patterson v. Gesellschaft*, 608 F.Supp. 1206 (N.D.Tex. 1985). Under present decisional precedents in our State, there cannot be a recovery based on products liability, upon the products liability theory, unless the product, itself, contains a defect. Professor Prosser, an eminent authority in the law of Torts, writes in *The Law of Torts*, (4th Ed.1971), discussing certain essential elements of products liability recovery, at page 659:

> "There must, however, be something wrong with the product which makes it unreasonably dangerous to those who come in contact with it. An ordinary pair of shoes does not become unreasonably unsafe because the soles become somewhat slippery when wet; nor is there unreasonable danger in a hammer merely because it can mash a thumb. Knives and axes would be quite useless if they did not cut."

See *Hulsebosch v. Ramsey*, 435 S.W.2d 161 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ).

For the reasons set out above, I cordially join in the opinion of the Court as to Raven Arms, Inc.