COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
 MARTY DANIELLE
 GANN,
  
                             Appellant,
  
 v.
  
  
 ANHEUSER-BUSCH, INC. and
 FALLS DISTRIBUTING COMPANY, INC.,
  
                            
 Appellees.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
  § 
  
 
 
  
 No. 08-11-00017-CV
  
 Appeal from the
  
 78th
 Judicial District Court 
  
 of Wichita
 County, Texas 
  
 (TC#169,111-B-1)
  
 
 


 

O
P I N I O N

            In this case, the issue we must address is whether
the Appellees, the manufacturer and seller and the distributor of a “longneck” glass
beer bottle, are liable for the injuries sustained by Appellant when she was
struck in the face by a patron at a bar wielding the bottle as a weapon.  Concluding that Appellant has failed to produce
more than a scintilla of evidence that the longneck bottle was defectively
designed so as to render it unreasonably dangerous and failed to establish that
Appellees owed her a legal duty to protect her from the criminal acts of a
third person, we affirm.

FACTUAL
AND PROCEDURAL BACKGROUND








            While celebrating a friend’s birthday at a
bar known for its violence, Gann was assaulted by a patron wielding a Budweiser
“longneck” glass beer bottle.  Struck twice
in the face with the longneck bottle, Gann suffered five lacerations resulting
in permanent scarring.  Among those
entities Gann sued were Anheuser-Busch, Inc., the manufacturer and seller of the
longneck bottle, and Falls Distributing, Inc., the distributor of the longneck bottle.  Gann sought recovery from Anheuser-Busch and
Falls Distributing pursuant to the following theories of liability:  (1) strict products liability; (2) negligence;
and (3) breach of warranty.  Anheuser-Busch
and Falls Distributing each moved for summary judgment on all of Gann’s causes
of actions on no-evidence grounds.[1]  Without stating its reasons, the trial court
granted both motions for summary judgment and dismissed Gann’s claims against Anheuser-Busch
and Falls Distributing.  This appeal
followed.[2]

NO-EVIDENCE
SUMMARY JUDGMENT STANDARD OF REVIEW

            In conducting our de novo review of a trial court’s
summary judgment on no-evidence grounds, we must ascertain whether the non-movant
produced summary-judgment evidence raising a genuine issue of fact as to the
essential elements attacked in the no-evidence motion.  Johnson
v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 206-08 (Tex. 2002).  In so doing, we consider all the summary-judgment
evidence in the light most favorable to the non-movant, crediting evidence
favorable to the non-movant if reasonable jurors could, and disregarding
contrary evidence unless reasonable jurors could not.  Mack
Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006).  Summary-judgment evidence raises a genuine
issue of fact if reasonable and fair-minded jurors could differ in their
conclusions in light of all of the summary-judgment evidence.  Goodyear
Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 755 (Tex. 2007).  When, as here, the order granting summary
judgment does not specify the grounds upon which the trial court relied, we
must affirm the summary judgment if any of the independent summary-judgment
grounds is meritorious.  FM Props. Operating Co. v. City of Austin,
22 S.W.3d 868, 872 (Tex. 2000).

PRODUCTS
LIABILITY LAW – DESIGN DEFECT

            In her first point of error, Gann contends
that the trial court erred by granting summary judgment for Anheuser-Busch on Gann’s
design defect claim.  We disagree.

Applicable Law

In a products liability action in which a
claimant alleges a design defect, a claimant must prove by a preponderance of
the evidence that:  (1) the defect
renders the product “unreasonably dangerous;” (2) the defect was a producing
cause of the personal injury, property damage, or death for which the claimant
seeks recovery; and (3) there was a safer alternative design.  Tex.Civ.Prac.&Rem.Code
Ann. § 82.005(a)(West 2011); Timpte
Indus., Inc. v. Gish, 286 S.W.3d 306, 311 (Tex. 2009).  To determine whether a product was
defectively designed so as to render it unreasonably dangerous, we apply a
risk-utility analysis that requires consideration of the following factors:

(1)      
the
utility of the product to the user and to the public as a whole weighed against
the gravity and likelihood of injury from its use;

 

(2)      
the
availability of a substitute product which would meet the same need and not be
unsafe or unreasonably expensive;

 

(3)      
the
manufacturer’s ability to eliminate the unsafe character of the product without
seriously impairing its usefulness or significantly increasing its costs;

 

(4)      
the
user’s anticipated awareness of the dangers inherent in the product and their
avoidability because of general public knowledge of the obvious condition of
the product, or of the existence of suitable warnings or instructions; and

 

(5)      
the
expectations of the ordinary consumer.

 

Timpte Indus., Inc., 286 S.W.3d at 311.  The risk-utility analysis does not operate in
a vacuum, but rather in the context of the product’s intended use and its intended
users.  Id. at 312.  Although whether
a product is defective is generally a question of fact, in the appropriate
case, it may be determined as a matter of law.  Id.

Discussion

Among other bases, Anheuser-Busch argued in
its motion for summary judgment that Gann produced no evidence as to any of the
elements of her design defect claim, including evidence that the risk of injury
from the longneck bottle outweighs its utility.[3]  In response, Gann contends that there is more
than a scintilla of evidence that the risk of injury from the longneck bottle
outweighs its utility.  Specifically,
Gann refers to evidence that beer bottles are used commonly in assaults in the
local community, as well as overseas, that the longneck portion of the bottle
is cosmetic and serves no useful purpose, and that Anheuser-Busch uses stubby
glass bottles and plastic bottles as containers for beer.  However, contrary to her assertion, Gann has
failed to produce evidence raising a genuine issue of fact that the risk of injury
from the longneck bottle outweighs its utility and therefore that the bottle
was defectively designed so as to render it unreasonably dangerous.

In the
single paragraph in her response devoted to analyzing the risk-versus-utility
element of her design defect claim, Gann does not address the majority of the
factors enumerated in Tokai Corp. and
Timpte Indus., Inc.  For example, Gann fails to address:  (1) whether manufacturing a stubby glass
bottle or plastic bottle is economically feasible; (2) whether eliminating the
unsafe character of a longneck bottle significantly impairs its usefulness or
significantly increases its costs; and (3) what the expectations of the
ordinary consumer are.  See Timpte Indus, Inc., 286 S.W.3d at
311; Tokai Corp., 2 S.W.3d at
257.  Gann does develop her analysis more
fully in her brief by rigorously scrutinizing the evidence she identified in
her response and by including an assertion that “[t]he costs of plastic bottles is now the same as
glass bottles.”[4]  However, notwithstanding that Gann failed to preserve her assertion that manufacturing an alternate product is
economically feasible, Gann still fails to address whether eliminating the unsafe character of a
longneck bottle significantly impairs its usefulness or significantly increases
its costs and what the expectations of the ordinary consumer are.

Except for
a single instance, Gann does not refer to any portion of the summary
judgment-evidence in her response at trial or in her brief in arguing that the
risk of injury from the longneck bottle outweighs its utility.  Rather, Gann’s argument on this issue consists
of conclusory allegations.  The failure
to provide citations to the record in a brief or to refer to summary-judgment
evidence in a response results in the waiver on appeal of the contentions made.  See Tex.R.App.P.
38.1(g)(requiring the appellant’s brief to contain citations to the record in
support of the contentions made); Fredonia
State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994)(appellate
court has discretion to waive error due to inadequate briefing); see also Aleman v. Ben E. Keith Co., 227
S.W.3d 304, 309 (Tex.App.--Houston [1st Dist.] 2007, no pet.)(“In determining
whether a respondent to a no-evidence motion for summary judgment has produced
sufficient evidence to raise a genuine issue of material fact, courts are not
required to search the record without guidance.”).

In sum,
Gann has failed to address the majority of factors enumerated in Tokai Corp. and Timpte Indus., Inc., and, consequently, to produce any evidence on
these factors, in arguing that because the risk of injury from a longneck
bottle outweighs its utility, the bottle was defectively designed so as to
render it unreasonably dangerous.  Moreover, notwithstanding that the evidence
upon which Gann relies is not supported by citations to the record, this evidence
constitutes no evidence that the bottle was defectively designed so as to
render it unreasonably dangerous. 
Accordingly, Gann has failed to produce evidence raising a genuine issue
of fact on all the elements of her design defect claim.  We therefore hold that the trial court did
not err by granting summary judgment for Anheuser-Busch on Gann’s design defect
claim.  Gann’s first point of error is
overruled.

NEGLIGENCE

            In her second and third points
of error, Gann argues that the trial court erred by granting summary judgment
for Anheuser-Busch and Falls Distributing, respectively, as to her negligence
claims against them.  We disagree.

Applicable Law

To prevail on a common law negligence claim, a
plaintiff must be able to prove three elements:  (1) a legal duty owed by one person to
another; (2) a breach of that duty; and (3) damage proximately caused by the
breach.  IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason, 143
S.W.3d 794, 798 (Tex. 2004); Doe v. Boys
Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995).  The threshold inquiry in a negligence case is
duty.  Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).  A plaintiff must prove the existence and violation
of a duty owed by the defendant.  Id.  If there is no duty, liability for negligence
cannot exist.  Thapar v. Zezulka, 994 S.W.2d 635, 637 (Tex. 1999).

Generally, no person has a legal duty to
protect another from the criminal acts of a third person.  Timberwalk
Apartments, Partners, Inc. v. Cain, 972 S.W.2d 749, 756 (Tex. 1998).  One exception to this rule may apply when a
person controls the premises where the criminal acts occur.  Id.  “One who controls . . . premises does have a
duty to use ordinary care to protect invitees from criminal acts of third
parties if he knows or has reason to know of an unreasonable and foreseeable
risk of harm to the invitee.”  Id., citing
Lefmark Mgmt. Co. v. Old, 946 S.W.2d
52, 53 (Tex. 1997).  This duty derives
from the concept that the party with the “power of control or expulsion” is in
the best position to protect against the harm.  Exxon
Corp. v. Tidwell, 867 S.W.2d 19, 21 (Tex. 1993).  When the party with the power of control
should reasonably anticipate criminal conduct on the part of third persons on
its premises, that party has a duty to take precautions against it.  Id.  A second exception may apply to a person who
is not in control of the property at the time of the injury, but nevertheless
creates a condition that permits or brings into being the criminal actions that
result in the claimant’s injury.  Lefmark Mgmt. Co., 946 S.W.2d at 54, citing Strakos v. Gehring, 360 S.W.2d 787 (Tex. 1962).  Whether a duty exists under either theory is a
question of law for the court to decide from the facts surrounding the
occurrence at issue.  Van Horn v. Chambers, 970 S.W.2d 542,
544 (Tex. 1998); Siegler, 899 S.W.2d
at 197; Greater Houston Transp. Co. v. Phillips,
801 S.W.2d 523, 525 (Tex. 1990).

Discussion

Gann contends that in determining whether
Anheuser-Busch and Falls Distributing had a duty to protect her from being
assaulted by a third party using a longneck beer bottle as a weapon, the
foremost and dominant consideration is the foreseeability of risk.  Gann posits that because Anheuser-Busch and
Falls Distributing admitted that the use of longneck bottles as weapons in bars
was certainly reasonably foreseeable, Anheuser-Busch and Falls Distributing had
a legal duty to protect her from being assaulted in such a situation.  While we agree with Gann that it is
reasonably foreseeable that a longneck bottle might be used as a weapon, she has
failed to show why the general principle that no person has a legal duty to
protect another from the criminal acts of a third person is inapplicable in
this case.  Gann bears the burden to
establish that the trial court committed reversible error.  See Tex.R.App.P. 44.1 (stating that no
judgment may be reversed on appeal absent a showing of harm); McCraw v. Maris, 828 S.W.2d 756, 758
(Tex. 1992)(stating that complaining party needs to show harm to obtain
reversal).  We have no obligation – or even right –
to perform an independent review of the record and applicable law to determine
whether there was reversible error because, by doing so, we would abandon our
role as neutral adjudicators and become an advocate.  Valadez
v. Avitia, 238 S.W.3d 843, 845 (Tex.App.--El Paso 2007, no pet.); Plummer v. Reeves, 93 S.W.3d 930, 931
(Tex.App.--Amarillo 2003, pet. denied).  Gann
was therefore required to have submitted a brief containing a clear and concise
argument, with appropriate citations to authority, to persuade us that the
trial court committed reversible error by granting summary judgment against her
on her negligence claims.  See Tex.R.App.P.
38.1(h), (i)(requiring an appellant to provide a clear and
concise argument supported by citations to authorities).  Otherwise,
she risked having her complaint waived on appeal for inadequate briefing.  Hernandez
v. Hernandez, 318 S.W.3d 464, 466 (Tex.App.--El Paso 2010, no pet.)(holding
that when appellate issues are unsupported by argument or lack citation to
legal authority, nothing is presented for appellate review).

Gann has failed to discharge her obligation.  Rather than address why the principle that no
person has a legal duty to protect another from the criminal acts of a third
person is inapplicable, Gann chooses instead, in a portion of her brief
encompassing only one-and-one-half pages, to cite to authority supporting her
contention that foreseeability is the key to concluding duty exists here.  Immediately thereafter, Gann proclaims, in
two sentences, that since Anheuser-Busch and Falls Distributing were aware that
longneck bottles can be used as weapons, they therefore owed her a duty to
protect her from such reasonably foreseeable misuse.  In another portion of her brief encompassing
four pages, Gann recites the facts, without any citations to the record, that she
believes are relevant to her negligence claims against Anheuser-Busch and Falls
Distributing.  She then asserts, without
citation to persuasive authority or any reasoned analysis, that Anheuser-Busch and
Falls Distributing could have eliminated the risk of her assault occurring by choosing,
respectively, not to manufacture longneck bottles and not to distribute beer in
such bottles.  Because Gann failed
to brief her points of error adequately and failed to advance any meaningful
argument in support of them, she has waived
her complaints on appeal and presents nothing for our review.  See Tex.R.App.P. 38.1(h), (i); Hernandez, 318 S.W.3d at 466.

In light of
the forgoing, we hold that that the trial court did not err by granting summary
judgment for Anheuser-Busch and Falls Distributing on Gann’s negligence claims.
 Gann’s second and third points of error are
overruled.

CONCLUSION

            Having
overruled Gann’s three points of error, we affirm the trial court’s order granting summary judgment in favor of
Anheuser-Busch and Falls Distributing.

 

 

July 25, 2012

                                                                                    CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff,
JJ.











[1]
In response to Gann’s strict products liability and breach of warranty claims,
Falls Distributing adopted and incorporated into its no-evidence motion for
summary judgment the same arguments Anheuser-Busch raised in its no-evidence
motion for summary judgment in response to these claims.





 

[2]
Gann does not
challenge the trial court’s summary judgment in favor of Anheuser-Busch and
Falls Distributing on her breach of warranty claims.  In addition, Gann does not challenge the
trial court’s summary judgment in favor of Falls Distributing on her strict
products liability claim.  Accordingly,
we do not address the propriety of the trial court’s summary judgment with
respect to these claims.





[3]
Anheuser-Busch also contends that we
should hold that, as a matter of law, Anheuser-Busch had no legal duty to
design the longneck bottle against
purposeful and criminal misuse because it satisfied its one and only legal
duty:     to design the bottle to ensure that the bottle
was safe for its intended and ordinary use – storing beer.

In support of its argument, Anheuser-Busch cites to Venezia
v. Miller Brewing Co., 626 F.2d 188 (1st Cir. 1980) and Diggles v. Horwitz, 765 S.W.2d 839
(Tex.App.--Beaumont 1989, writ denied). 
In Venezia, the federal
appeals court applied Massachusetts state law to hold that the plaintiff, who
was injured by the broken shards of the beer bottle he deliberately threw
against a pole, could not recover from Miller Brewing under a theory of
negligent design because the deliberate misuse of the beer bottle could not be
characterized as an intended or ordinary use of the beer bottle.  626 F.2d at 189, 191-92.  In Diggles,
the Beaumont Court of Appeals held that a gun manufacturer owed no duty to
protect against hazards created by the misuse of its product.  765 S.W.2d at 840-42.  However, the Texas Supreme Court has since
held that because a design defect case is one involving a product made exactly
as intended but nevertheless unreasonably hazardous, we must weigh the utility
of the product against the risk involved in its use when determining whether a
product was defectively designed so as to be unreasonably dangerous.  See Timpte
Indus., Inc. v. Gish, 286 S.W.3d 306, 311 (Tex. 2009); Hernandez v. Tokai Corp., 2 S.W.3d 251, 257 (Tex. 1999).  Because the question of duty is not
specifically germane to our holding today, we decline to address it.





[4]
In responding to Anheuser-Busch’s
summary judgment motion, Gann never raised the argument at trial that
“[t]he costs of plastic bottles is now the same as glass bottles.”  It is
well settled that all theories in support of or in opposition to a motion for
summary judgment must be presented in writing to the trial court.  Chessher
v. Sw. Bell Tel. Co., 658 S.W.2d 563, 564 (Tex. 1983)(summary judgment may
not be granted on issues not “expressly presented” to trial court).  By failing to raise the argument at trial that
manufacturing a stubby glass bottle or
plastic bottle is economically feasible, Gann failed to preserve it for our
consideration on appeal.